Heald *v.* Cushman.

levy of an execution in favor of one Whipple. The amount due upon the execution was $114,76. In the levy, the land was appraised and set off at the value of $139,28. The officer returned his fees and the expenses of the levy to be $12,26; apparently taking land to the value of $12,26 more than was sufficient to satisfy the execution.

*Wilson,* for the plaintiff.

The error was merely the mistake of the officer, by including his fees and charges twice. The levy is not invalidated by the mistake. The remedy for the execution debtor is against the officer. *Sturtevant* v. *Frothingham,* 1 Fairf. 100; 8 Conn. 245.

*Washburn,* for defendant, cited *Pickett* v. *Breckenridge,* 22 Pick. 297.

---

ISRAEL HEALD *versus* ABIAL CUSHMAN.

In replevin, if neither of the parties request instruction that the jury should find the value of the articles, they are presumed to have acquiesced in the valuation contained in the writ.

REPLEVIN for a wagon and harness, valued in the writ at $50, and two buffalo robes, valued at $6. When the case went to the jury on an issue of property, they had no instruction to find the value of the property; nor was any such instruction asked by either party. Their verdict found the property of the wagon and harness, to be in the defendant, and that of the robes to be in the plaintiff, but no value was assessed as to either of the articles.

Southerland *v.* Jackson.

In order to set aside the verdict, A. W. Paine, for the plaintiff, contended that it was defective, by means of its omission to return the value of the articles. The rights of the parties cannot be determined by it. The costs depend upon the value assessed. Till such assessment is made, there can be no judgment.

*Prentiss,* for the defendant.

The plaintiff is bound by the valuation he has affixed to the articles in his writ. Where neither party calls for any other estimate, it is presumed that valuation is satisfactory to both parties.

TENNEY, J. orally. — The requirement that the value should be ascertained was inserted in the statute, merely to regulate the cost. The plaintiff has made his own estimation, and not having requested instruction that the jury should pass upon the subject, he is bound by that estimation.