# ESLAVA *vs.* DILLIHUNT.

[ACTION UNDER CODE FOR RECOVERY OF PERSONAL PROPERTY IN SPECIE.]

1. *Action for recovery of personal property in specie ; when failure of jury to assess value of articles separately will not invalidate judgment.*—In an action under chapter 5, of Revised Code, page 250, for the recovery of personal property in specie, if the property has been delivered to the plaintiff by the sheriff, and consists of many articles of household furniture, and a large number of the articles are of inconsiderable value, and the jury on the trial find for the defendant and assess the value of the articles in gross, and the plaintiff makes no objection to the verdict, because of the failure to assess the articles separately, he will be held to have acquiesced in the verdict and will not be heard to complain of the irregularity for the first time in this court.

2. *Same; what presumption will be entertained to uphold verdict.*—In such a case, unless the contrary appears, it should be presumed in favor of the verdict, that the parties introduced no evidence on the trial, as to the separate value of said articles, and consequently under section 2595 of the Revised Code, it was lawful for the jury to assess the value of said articles in gross, as without such evidence it was impracticable to assess the value of each article separately.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

This was an action for the recovery of personal property in specie under the Code, commenced by the appellant, Eslava, against the appellee. The plaintiff having given bond as required by section 2593 of the Code, the sheriff took the goods into his possession, and the defendant having failed to give the bond required by law to have the articles returned to him, they were delivered to the plaintiff on giving the bond required by section 2594 of the Revised Code.

There was an appearance by both parties, a trial by jury and a verdict for the defendant, which after enumerating the articles sued for, assesses their value in gross at the sum of $330.45, and judgment was rendered accordingly. The articles sued for were household articles, such as bottles,

Eslava v. Dillihunt.

glass-ware, plated-ware, chairs, &c., in all 92 in number, and most of them such as commonly are of inconsiderable value. After this the record recites that the plaintiff moved for a new trial, which was overruled. The grounds of the motion are not shown.

Thé plaintiff now appeals, upon the record, there being no bill of exceptions, and assigns for error—

1st. The judgment of the court upon the verdict of the jury.

2d. Rendering judgment upon a verdict, which assessed the value of the articles in gross.

ALEXANDER McKINSTRY, for appellant.
(No brief came into Reporter's hands.)

C. W. RAPIER, *contra.*—Is there, then, any reversible error in the record? In cases of this kind, it is provided by statute, that the jury must, if practicable, assess the value of each article separately.—Rev. Code, § 2595.

If it be impracticable, then the want of such assessment cannot be reversible error. It is not shown by the record in this case that such an assessment was altogether practicable—many of the articles were of like kind and of small value. Nor does it appear that the jury had any evidence before them respecting the separate value of the articles sued for. If they had none, then it was impracticable for them to assess the value of each. The parties to the suit may have agreed upon the aggregate value, and have agreed to relieve the jury from the task of finding the value of each article.

Now it has been held by this court, that "error will not be presumed, but must be affirmatively shown;" that this court will indulge all reasonable presumptions which the record will allow in support of the proceedings in the court below.—30 Ala. 242; 31 Ala. 101; 37 Ala. 662; 42 Ala. 234; 43 Ala. 544; 14 Ala. 185.

But if the intendments and presumptions of law are insufficient to cure the omission, then it is submitted that by applying the reason of the statute to the circumstances of

the case, and the relations of the parties, it will appear that there is no good cause for a reversal of the judgment, nor just ground of complaint on the part of the appellant.

The provision of the statute directing an assessment of the value of each article, was not designed to favor the unsuccessful party in detinue. The unsuccessful party is in law a wrong-doer. He withholds property which rightfully belongs to another. If this clause was at all intended to operate in behalf of the unsuccessful party, its sole design could only have been to protect him from the hard remedies of distringas and attachment in cases where it would be out of his power to restore the property.

In a case reported in Viner's Abridgment, p. 40, tit. Detinue, sec. 13, it was agreed that the plaintiff, upon offer of the defendant of part of the stuff, is not bound to receive it, but may refuse it, if he does not offer all, and then he shall have all the damages; but if he has received any part of the stuff, he has foreclosed himself of all the damages; and, therefore, because the jury gave entire damages, it was held that the plaintiff was entitled to judgment.

But it may be regarded as settled by the decisions of this court, that the purpose of the statute was to protect the unsuccessful party from the operation of distringas or attachment.—*Bell v. Pharr et al.* 7 A. K. 872; *Miller v. Jones' Adm'r*, 29 Ala. 186.

If such was the purpose of the statute, then in the present position of this case, there should be no reversal, because the successful party is now here asking for affirmance. This is an election on the part of the appellee to take the value of the property and to let the property itself go. Affirmance here would preclude distringas or attachment. 29 Ala. 186.

Surely there should be no reversal, for the purpose only of enabling the wrong-doer to deliver all of the property, or to detain a part and deliver a part, at her option.

But to avoid all difficulty in this respect, the appellee now waives any right which she may now have, or might hereafter have to distringas or attachment for any part or article of the property sued for.

This being done, what good could possibly arise from a reversal of the case? If the appellant wants to have a valuation of each article, so that she may retain some and return others, that is a privilege which she is not in a position to claim as a matter of right. If she wants a valuation that she may be protected from the operation of distringas or attachment, then her fears are unfounded, since the action of the appellee in this court precludes her from a resort to either of those writs.

If the appellant objects that the judgment should not have been rendered upon the verdict, the objection comes too late. A motion in arrest of judgment should have been first made in the court below. There was a motion in the court below; but it was not for the arrest of judgment, but for a new trial.

PECK, C. J.—The action in this case was for the recovery of personal property in specie, under chapter 5, Revised Code, p. 520.

The appellant, the plaintiff in the court below, gave the bond named in § 2593 of said Code, and the sheriff was required to take the property into his possession, unless the defendant should give bond, payable to the plaintiff, with sufficient surety, in double the amount of the value of the property, with condition that if he was cast in the suit he would, within thirty days thereafter, deliver the property to the plaintiff and pay all costs and damages which might accrue from the detention thereof.

The defendant having neglected, for five days, to give such bond, the property was delivered to the plaintiff, on his giving the bond mentioned in § 2595 of said Code, payable to the defendant, with condition to deliver the property to the defendant, within thirty days, in case he should fail in the suit, &c.

The property sued for consisted of some ninety-two articles of household furniture, valued at $330, a very large majority of said articles being of inconsiderable value.

Section 2595 of said Code is in the following words, to-wit: "Upon the trial of any cause for the recovery of

property in specie, the jury must, if they find for the plaintiff, *if practicable*, assess the value of each article of the property separately, and also assess damages for its detention ; if they find for the defendant, they must, in like manner, assess its value ; and, if in the possession of the plaintiff, assess the damages for its detention.  Judgment for either party must be for the property sued for, *or its alternate value*, with damages for its detention to the time of trial."

On the trial the jury found for the defendant, and assessed the value of said articles in gross, at $330.45.

Neither the plaintiff or defendant objected to said verdict, nor when the said verdict was returned did either party make any motion to have the jury instructed or required to find the value of said articles separately, and judgment, without objection, was rendered for the defendant, that he recover said articles or their alternate value, &c.

The plaintiff has appealed to this court, and seeks to reverse said judgment, because the value of said articles was not separately assessed by the jury.

We think the judgment should be affirmed, for two reasons :

1st. Neither party having taken any exception to said verdict when rendered, but quietly acquiescing in the same, should be held to have waived, as they might lawfully do, the right to have the separate value of each article assessed by the jury.

Requiring the separate value of each article to be assessed in such cases, is intended mainly for the benefit of the losing party, and if he does not object to an assessment of the value of the articles in gross, he should be held to acquiesce in such assessment, and not be permitted to complain for the first time in this court.

2d.  Where it does not appear to the contrary, it should be presumed, in favor of the proceedings in the court below, that no evidence of the separate value of the articles was made on the trial, and, consequently, it was impracticable for the jury to find a separate value for each article, and, therefore, correctly assessed a gross value, as they

might lawfully do; for the statute says the jury must, *if practicable*, assess the value of each article separately. If a separate value was not proved, then it was not practicable for the jury to assess a separate value, and ·a general verdict was sufficient.

For these reasons, we affirm the judgment of the court below, at appellant's cost.