# Wilson *v.* Barnes.

*Detinue for Photographic Tools and Instruments.*

*Verdict and judgment.* — In detinue for a great number of tools and instruments of various kinds, belonging to the business of a photographist, a verdict in these words, " We, the jury, find for the plaintiff, and not finding it practicable to assess the value of each article sued for separately, we assess the value of the whole at $2,000, and we assess the damage for its detention at $250," is sufficiently formal to support a judgment for the plaintiff, if not objected to in the court below ; and a judgment on such verdict, " that the plaintiff have and recover of the defendant the property sued for herein, and described in the complaint, or its value so assessed by the jury for the detention thereof," contains nothing or which the defendant can complain on error.

[Wilson *v.* Barnes.]

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

ALEX. McKINSTRY, for appellant.

BOYLES & OVERALL, *contra.*

PETERS, J. — On the 29th day of December, 1869, in the Circuit Court of Mobile County, Chauncey Barnes sued John T. Wilson, in an action of detinue, for a considerable number of articles of furniture in several rooms of a building in the city of Mobile, and a great number of the various utensils, implements, tools, and instruments belonging to the business of a photographist, many of which were of little value, but made a long catalogue of different items (amounting in the whole in value to a very considerable sum of money), which were set forth in an exhibit to the complaint. The complaint is in the usual form, as required by the Code. On the trial, there was a verdict and judgment for the plaintiff. From this judgment the defendant Wilson appeals to this court, and he here assigns the following errors : " 1. In permitting the judgment on the verdict. 2. In rendering the judgment that appears in the record. 3. In refusing to quash the execution. 4. In the proceedings and judgment rendered."

The verdict and judgment found in the record are in these words : " This day came the parties by their attorneys, and also came a jury of good and lawful men, to wit, C. M. Quagley and eleven others, who, being duly empanelled, and sworn well and truly to try the issue joined herein, upon their oath do say, ' We, the jury, find for the plaintiff, and not finding it practicable to assess the value of each article sued for separately, we assess the value of the whole at two thousand dollars, and we assess the damage for its detention at two hundred and fifty dollars.' It is therefore considered by the court that the plaintiff have and recover of the defendant herein the property sued for herein and described in the complaint, or its value so (as) assessed by the jury for the detention thereof, and all costs in and about this behalf expended, for which execution may issue." There was no objection to this verdict and judgment in the court below, except a motion for a new trial, which was refused.

The question then arises, is the verdict sufficient, and does the judgment follow the verdict? In actions of this kind, the jury are only required to assess the value of each article of the property sued for separately, and damages for its detention, when this is practicable. Rev. Code, § 2595. Here the jury declare, in their verdict, that the separate assessment of

values was not practicable. The defendant made no objection to this verdict in the court below. He must, then, be held to have acquiesced in the determination of the jury in this respect. If he did so, it is now too late to raise the objection in this court for the first time. Here, the verdict must be taken to be absolutely true. Rev. Code, § 2811. The verdict, then, is sufficiently formal. It finds, in the language of the Code, " for the plaintiff," and assesses the damages, for the reason stated, in a gross sum, without enumerating the articles of property mentioned in the complaint. In such a case, it would be useless to find the articles separately to be the property of the plaintiff, because this is the effect of the general finding. Finding " for the plaintiff," in such a case, is equivalent to declaring that all the property sued for is the property of the plaintiff. Upon such a verdict the court could render a proper judgment, that is, " for the property sued for, or its alternate value," and the damages ascertained by the jury for its detention. Rev. Code, § 2595. And see, also, 2 Abb. Forms, p. 462, No. 1631.

But a further question arises. It is this : Is the judgment sufficiently formal ? And if not so, does the informality injure the defendant ? The rule laid down in the Code for such judgments is in these words, that is to say : " Judgment against either party must be for the property sued for, or its alternate value, with damages for the detention to the time of trial." Rev. Code, § 2595. In substance, this has been the rule from the time of Croke. *Peters* v. *Hayward*, Cro. Jac. 681 ; 3 Bac. Abr. *Detinue*, D. p. 137, Berw. ed. 1846. And in practice, it is more regular to enter the judgment so as to point out precisely the thing recovered, because it is a suit for each specific article of property named in the complaint ; and if the plaintiff recovers, it is his right to have the property delivered to him. If this is not done, he is entitled to compel its restoration, by writ of attachment, or by *distringas.* Rev. Code, § 2598. But the defendant, in such case, may either restore the property recovered to the plaintiff, or pay the alternate value in lieu of the property, if the plaintiff will accept it. The complaint shows the property recovered. If the defendant delivers this, he is entitled to be discharged from any further satisfaction of the judgment for the property sued for ; or, if he delivers part of it, the result, so far as the restoration goes, must be the same. The plaintiff would not be allowed to abuse the process of the court, to enforce a second restoration of the same articles. All courts have power, in this State, to control their process and orders, so as to make the same conformable to law and justice. Rev. Code, § 638 And although considerable difficulties might occur in the ex-

ecution of such judgments, in which each article is not specifically and separately enumerated, yet it is presumed that such difficulties may be overcome by such modifications of the practice as might be needed. In *Haynes* v. *Crutchfield,* the action was for a cow and her calf, and for fourteen head of hogs, and the judgment was for the cow and the calf, and for the fourteen hogs, without separate and specific enumeration of each article of property. This was held sufficient by the court. 7 Ala. 189. The principle in that case, applied to this, will support the judgment of the court below. Besides, the defendant, the appellant in this court, cannot be hurt by it. If he pay the damages and alternate value, he is discharged; or, if he restores the property, he is discharged. In either alternative, he gets all he is entitled to, and the error complained of does not, and cannot, injure him. If the plaintiff were the appellant, it might be otherwise. See *Thompson* v. *Patterson,* January Term, 1873; *Eslava* v. *Dillihunt,* June Term, 1871.

The proceeding on the execution is not brought up with this appeal.

The judgment of the court below is affirmed.