### JOHN D. KNOX v. GEORGE M. NOBLE.

REPLEVIN; *Evidence; Immaterial Error.* Where a plaintiff in replevin alleges in his petition that he is entitled to the immediate possession of the property in controversy as a mortgagee thereof, and that his mortgage lien on the property is for the sum of $1,650, which is then due and unpaid; and further alleges that the property was detained wrongfully by the defendant for the period of one day before the commencement of the action, to the damage of the plaintiff in the sum of $500; and states in his affidavit for the writ of replevin that the property is worth $600; and the defendant gives a redelivery bond and retains the possession of the property; and in such bond recites the fact that the plaintiff, in his affidavit, states that the property was worth $600, and the evidence shows that the property is worth about that amount, although this evidence was received over the objections of the defendant, and the jury found in favor of the plaintiff, and assessed the value of his possession at the sum of $500; and the court below rendered judgment in the alternative, that the plaintiff recover the possession of the property, or, if a return of the property could not be had, then that he recover $500, the value of the plaintiff's possession, and costs: *Held,* That although the court below may have erred in permitting said evidence to be received over the objections of the defendant, without first requiring an amendment of the petition to be made, yet, taking the whole case together, the error did not materially affect any of the substantial rights of the defendant, and therefore the judgment will not be reversed because of such error.

### *Error from Shawnee District Court.*

REPLEVIN, brought by *Noble* against *Knox,* to recover the possession of certain horses and farming implements. Trial at the January Term, 1880, of the district court, and judg-

29 — 25 KAS.

ment for the plaintiff. *Knox* brings the case here. The opinion states the facts.

*J. P. Greer*, for plaintiff in error.

*Rossington & Smith*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by George M. Noble against John D. Knox, to recover certain personal property. Judgment was rendered in the court below in favor of the plaintiff; and the defendant now, as plaintiff in error, brings the case to this court.

Several questions are raised in this court concerning the sufficiency of the evidence to sustain the judgment of the court below, the plaintiff in error claiming that the evidence is not sufficient in several particulars. We think, however, that this claim of the plaintiff in error is not available, for at least three reasons:

1. It does not appear that the question was raised in the court below — the motion to set aside the verdict of the jury and for a new trial being merely upon the ground of "error of law occurring at the trial, and excepted to by the defendant at the time."

2. It does not affirmatively appear from the record that we have all the evidence introduced in the court below.

3. The evidence brought to this court appears to be sufficient to sustain the verdict and judgment.

In passing, however, we might say that proof of a parol agency to purchase and manage personal property may be made by the oral testimony of the agent himself, and where it is shown that an agent had power to purchase and take possession of and manage personal property for his principal, then the knowledge of the agent concerning such property and the possession thereof are the knowledge and possession of the principal; and notice to the agent not to purchase said property or take possession thereof, and of the rights of a third

person in and to the property, is notice to the principal. These principles are elementary.

The plaintiff in error raises one other question, which we shall consider more at length: He claims that the court below erred in permitting the plaintiff below to introduce evidence showing the value of the property in controversy; and this he does upon the ground that no value was alleged in the plaintiff's petition. We think the court below committed error in this respect; but the question then arises, Is the error material in the case? and does it affect prejudicially the substantial rights of the defendant below? It must be remembered that in order to entitle the plaintiff in error to a reversal of the judgment of the court below, he must not only show error, but the error must appear to be material and substantial. (Civil Code, §§ 140, 304; Comp. Laws 1879, pp. 619, 641, and cases there cited.)

Now, for the purpose of determining whether the court below committed material error or not, we must make an examination of the whole record, including not only the petition, but all other papers in the case, and the proceedings of the court. The petition alleges, among other things, that the plaintiff claims the property in controversy under a chattel mortgage, setting out the mortgage in full, and making it a part of the petition. From this mortgage and the petition, it appears that the plaintiff's interest in the property is to the extent of $1,650, and interest on that amount, provided the property is worth that much; that is, it appears that the debt secured by the mortgage is for $1,650, and interest, and that this debt was due and unpaid at the time of the commencement of this action. The petition also alleges that prior to the commencement of this action, the plaintiff had the possession of the property; that the defendant wrongfully took it from him, and wrongfully detained it for the period of one day before the commencement of the action, to the damage of the plaintiff in the sum of $500. Now if the plaintiff was damaged in the sum of $500 for this one day's detention of the property, then the property must have been

worth at least $500. This allegation, then, inferentially sets
forth that the property was worth at least $500. The plain-
tiff, also, at the time he commenced this action, filed an affi-
davit in the case, in which he made oath that the property
was worth $600, giving the valuation of each item separately.
After the property was taken on the writ of replevin, the de-
fendant elected to retain the property during the pendency
of the suit, and gave a conditional bond for its return to the
plaintiff; and in such bond he recited that, "whereas, the said
plaintiff swears in his affidavit therefor that the property is
worth the sum of $600 at the commencement of this suit;
now, therefore, we, John D. Knox, as principal, and ——
as surety, undertake to the said George M. Noble, plaintiff,
in the sum of $1,200," etc.

Now this affidavit of the plaintiff, together with the bond
of the defendant, shows that the defendant had notice at the
time of the commencement of the suit that the plaintiff
claimed that the property was worth $600; and on the trial
the plaintiff proved that the property was worth about that
amount. This proof, however, was introduced over the objec-
tions of the defendant. The jury found in favor of the plain-
tiff and assessed the value of his possession at the sum of $500,
and the court below rendered judgment in the alternative
that the plaintiff recover the possession of the property, or if
a return of the property could not be had, then that he re-
cover $500, the value of the plaintiff's possession, and costs.

We think, taking the whole case together, that no material
error was committed. The plaintiff inferentially alleged in
his petition that the property was worth at least $500. He
also alleged that his interest in the property was a mortgage
lien, due and unpaid, amounting to more than the full value
of the property. The defendant showed by his bond that he
had full notice of the plaintiff's claim that the property was
worth $600. The proof showed it to be worth about that
amount. Yet the finding and judgment were for only $500.
Besides, this judgment, so far as it fixes value, is entirely im-
material, provided the defendant obeys the other portion of

the judgment and returns the property. If the defendant returns the property to the plaintiff, in accordance with the judgment, it can make no possible difference to him whether the property is valued in the judgment or elsewhere at $500, or at any other sum, greater or less. If he return the property he will satisfy the entire judgment, except the costs, and will have nothing further to pay, except the costs. No judgment for damages was rendered in the case.

We think when the defendant objected to the plaintiff's evidence tending to prove the value of the property in controversy, the court below should have required the plaintiff to amend his petition at once, so as to make it formal and complete. This amendment, however, should have been allowed without costs, and without a continuance of the case. An amendment of the petition would have made the proceedings appear more regular; yet we do not think that the course pursued by the court below prejudiced any of the substantial rights of the defendant.

We might further say, that in cases of this kind, where the action of replevin is for several articles, the value of each separate article should generally be stated in the petition, though this is not essentially necessary in any case, and in some cases it would be impracticable. Where the petition states the value of each article separately, then the verdict of the jury and the judgment of the court may also state the value of each article separately; and if the judgment is thus rendered, it may be much more easily enforced where only a portion of the articles can be found than a judgment which is only for the aggregate value of all the articles. Where the judgment is rendered for the value of each article separately, the officer may seize such of the articles as he may find, and return them to the plaintiff, and may then levy upon other property for the purpose of recovering the value of those articles which he cannot find. In the usual course of practice, however, we think that neither the petition nor the verdict nor the judgment is made to state the value of each separate article, but generally is made to state only the value of all the articles in

the aggregate; and such petitions, verdicts and judgments, we think, have generally been considered as sufficient.

The judgment of the court below will be affirmed.

All the Justices concurring.