KUHLMAN *et al.* V. WILLAMS.

[*Opinion Filed Feb. 1, 1892.*]

1. REPLEVIN—*Verdict and Judgment.*—Code Civil Procedure Nebraska, prevailing in Oklahoma Territory, provides (section 191) that where property has been delivered to plaintiff in replevin, and the jury finds for defendant, they shall find whether defendant had the right of property or the right of possession only, when suit commenced, and, if they find either in his favor, they shall assess damages for defendant; for which, with costs, the court shall render judgment. By section 191*a* the judgment in such case shall be for the return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages, etc. *Held,*

that when the, verdict found that the right of property was in defend-
ant when action began, and assessed his damages at one dollar. it was
proper to enter judgment for the return of the property, and damages
and costs.

2. VERDICT—*Exception to Same.*—The plaintiff did not except to the
verdict when it was presented, nor to the judgment when it was en-
tered, but aftewards moved to correct the judgment to confoim to the
verdict, and refused to take advantage of the trial court's offer to set
aside the judgment, and grant a new trial. *Held*, that he could not
object to the judgment.

*Error to the District Court of Canadian County,
Hon. A. J. Seay, Judge.*

Action by Kuhlman Bros. against Charles Williams
to recover personal property. Judgment for defendant.
Plaintiff's bring error. Affirmed.

*Kirkpatrick & Blake*, for plaintiff in error.

*Simpson & Smedley*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This action was commenced in 1890 un-
der the Nebraska laws prevailing here at that time, by
the Kulhman brothers to recover the possession of two
horses and two box houses. The defendant answered and
claimed to be the owner and entitled to the possession
of the horses. The horses were seized and delivered to
the plaintiff. They were appraised at $225, but the
appraisal was by agreement reduced to $190.

The plaintiff recovered in the justice's court and the
defendant appealed to the district court.

In the district court on trial had, the jury, at the No-
vember term, 1890, returned the following verdict:

"We, the jury, find that the right of property was in the
defendant at the commencement of this suit, and assess
his damages at one dollar."

On motion of defendant judgment was entered
against the plaintiff for the return of the horses
taken by the plaintiff and for $1 damages and for costs.

Kulhman v. Willams.

At a subsequent day of said term by leave of court the plaintiff moved the court to correct the judgment so as to conform to said verdict by allowing the defendant to have judgment for the amount of damages found by the jury and the costs of suit and no more.

The court thereupon announced that if either desired he would set aside the judgment and verdict and grant a new trial; but neither party being willing that a new trial should be awarded, a motion to amend was overruled. To which ruling the plaintiffs then and there excepted and sued out his writ of error.

The statutes of Nebraska are as follows:

"Sec. 191, p. 875. In all cases where the property has been delivered to the plaintiff, where the jury shall find, upon an issue joined, for the defendant, they shall also find whether the defendant has the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant.

"Sec. 19. The judgment in the cases mentioned in section 191 * * * * * * * * * * shall be for the return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

In this case the property had been delivered to the plaintiff. The jury found that the defendant had the right of property at the commencement of the action and assessed his damages at $1. The finding the right of property in the defendant at the commencement of the action was virtually a finding for the defendant upon the issue joined. The same section (191) provides that

in case of such finding the court shall render judgment for such damages and with costs of suit.

The next section further provides that the judgment in such cases shall be for the return of the property or the value thereof, in case a return cannot be had or the value of the possession of the same, and for damages for withholding said property and costs of suit.

The judgment was for the return of the property, and the damages and the costs, apparently a strict compliance with the statute.

The testimony was not returned and it does not appear that the property could not be returned. The judgment could be for the return of the value thereof. It was for the return.

Upon verdict, no other judgment could have been entered.

The plaintiff did not except to the verdict at the time it was presented, nor even to the judgment at the time it was entered.

The right of property at the commencement of the action was the important question, and upon that the jury found. Technically, the verdict is defective, but has the plaintiff suffered any injury thereby? If he has suffered any injury he should have called attention to the fact before the jury was discharged; but not only did he not file any exceptions thereto, but he even refused to ask to have the verdict and judgment set aside.

The judgment of the district court is affirmed, with costs.

All the Justices concurring.