## WARD v. RICHARDS.

No. 868.    Opinion Filed May 9, 1911.

(115 Pac. 791.)

1. APPEAL AND ERROR—Reservation of Grounds of Review—Necessity for Objection in Lower Court. Plaintiff in error commenced an action in replevin for the possession of a cow, calf, and yearling. A general verdict was returned in favor of the defendant without assessing the value of the property, either in gross or specifically. No request at any time was made by either party for the jury to make a finding as to the value either in gross or specifically, nor any exception reserved. Judgment was rendered in favor of the defendant for the recovery of the specific chattels and goods, but not for any alternate value. Held, that no reversible error is presented.

2. SAME—Harmless Error—Instructions. When the instruction complained of could not have operated to the prejudice of such party, though under some given facts it would have been prejudicial, a reversal does not follow.

3. SAME—Review—Evidence—Failure to Set Out in Brief. Same as paragraph 1 of the syllabus in Great Western Mfg. Co. v. Davidson Mill & Elevator Co., 26 Okla. 626, 110 Pac. 1096.

(Syllabus by the Court.)

*Error from District Court, Stephens County; W. H. Admire, Judge.*

Action by Mollie Ward against C. C. Richards. Judgment for defendant, and plaintiff brings error. Affirmed.

*Gilbert & Bond* and *G. W. M. Purcell*, for plaintiff in error. *Robert Burns*, for defendant in error.

WILLIAMS, J.   The plaintiff in error as plaintiff sued the defendant in error as defendant in replevin in the justice court of Marlow township, in Stephens county, for the recovery of the possession of one red cow and one calf of the value of $30, and a yearling of the value of $10.   Affidavit in due form was filed, together with bond as required by the statute.   On the trial judgment was rendered in favor of the defendant, and an appeal was prosecuted by plaintiff to the county court, where the following verdict was returned:   "We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find for the defendant, Dr. C. C. Richards."   The plaintiff moved for a new trial (1) for errors of law occurring at the trial; (2) verdict not supported by the evidence; (3) verdict contrary to law; (4) court erred in instructing the jury that the plaintiff must establish her case by a fair preponderance of the evidence; and (5) also in instructing the jury that, if they found that the property in question was the property of the defendant, then and in that event they should find for the defendant the title and possession of the said property.

The plaintiff did not move to set aside the verdict on the ground that it failed to find the specific values, or failed to find any value whatever, neither did she ask for the jury to be sent back to make such finding, nor was a request made for the jury to be instructed to make a finding as to value, either in gross or as to each separate article.   Section 5696 of the Compiled Laws of Oklahoma 1909 is the same as the section construed by the Supreme Court of the Territory of Oklahoma in *Chandler v. Colcord,* 1 Okla. 260, 32 Pac. 330.   It was there held that, where the appellant moved to set aside the verdict on the ground that the jury failed to assess and return the value of the appellant's interest in the property and the specific value of such property, reversible error was committed.   Parties litigant are entitled to have their cases tried in accordance with the provisions of the law. When the courts fail to do so, reversals may be had that they may be so tried, but it is essential that the attention of the trial court as a rule must be directed to such alleged omissions in order that

the same may be corrected. *Heald v. Cushman*, 30 Me. 461; *Stanard v. Sampson et ux.*, 23 Okla. 13, 99 Pac. 796. In *Blake v. Powell*, 26 Kan. 321, in an opinion by Mr. Justice Brewer, it is said:

"That single objection is that the jury found the value of the stock of goods as a whole, and did not find the separate value of each particular article in the stock. Plaintiff claims that he has a right to return such portion of the stock as he still retains, and have a reduced judgment of value to that extent, and that, therefore, the jury should have found the value of each separate article in the stock of goods. It is enough to say in reply to this objection that it was not presented at the time the verdict was returned. Perhaps, if the plaintiff had then insisted on the jury's finding the value of any particular article which he desired to return, it might have been proper to require the jury to so find, but, in the absence of any such request, it would be absurd to hold that when the replevin is of a stock of goods, as in the present case, the jury is bound to state in their verdict the value of each particular article. See further upon this matter the remarks of Mr. Justice Valentine, in the opinion filed in the case of *Knox v. Noble*, 25 Kan. 449."

In *Knox v. Noble, supra*, it is said:

"In the usual course of practice, however, we think that neither the petition nor the verdict nor the judgment is made to state the value of each separate article, but generally is made to state only the value of all the articles in the aggregate; and such petitions, verdicts, and judgments we think have generally been considered as sufficient."

See, also, to the same effect, *Eslava v. Dillihunt*, 46 Ala. 698; *Wilson v. Barnes*, 49 Ala. 134; *Watts v. Green*, 30 Ind. 99.

In this case the following judgment was rendered on the verdict:

"It is therefore ordered, adjudged, and decreed by the court that the defendant C. C. Richards have judgment against plaintiff Mollie Ward for possession of the property described in plaintiff's affidavit, to wit, one red cow with some white in face ——— years old, branded on left hip 'T,' with suckling calf; also one red yearling calf with some white in face, being calf of the above-described cow, and for his costs in this behalf expended, for which let execution issue."

The burden is on the plaintiff in error to show *error*, not probable or possible error. The defendant has presented no cross-petition in error. No judgment is entered for the value of said property in favor of said defendant. The judgment entered is predicated upon the verdict. Had a judgment been rendered against the plaintiff on this verdict in the alternate for the value of the property that would have been a reversible error. *Young v. Parsons*, 2 Metc. (Ky.) 498; *Lucas v. Daniels*, 34 Ala. 188; *Baldwin et al. v. Burrows*, 95 Ind. 81. But no finding has been made by the jury as to the value either in gross or specifically. If error was committed in not finding the value of the property in gross or separate articles, that was against the defendant, and he is not complaining here. As to the instruction complained of in the fifth assignment, under the record if the jury should find that the defendant was the owner of the cattle, he was entitled to the immediate possession thereof. If error was committed, therefore, it was without prejudice.

As to the exclusion of evidence, that seems not to have been material, but plaintiff in error for not having complied with rule 25 of this court (20 Okla. xii, 95 Pac. viii), is not permitted to be heard thereon here. *Terrapin v. Barker*, 26 Okla. 93, 109 Pac. 931; *Lynn et al. v. Jackson*, 26 Okla. 852, 110 Pac. 727; *Great Western Mfg. Co. v. Davidson Mill & Elevator Co.*, 26 Okla. 626, 110 Pac. 1096.

The judgment of the lower court is affirmed.

All the Justices concur.