# DAVIS v. GRAY.

No. 2837.   Opinion Filed August 6, 1913.

Rehearing Denied September 23, 1913.

(134 Pac. 1100.)

1.   **APPEAL AND ERROR—Objection Below—Verdict in Replevin.** In an action of replevin the jury found for the plaintiff for a return of the animal in controversy. At the time of trial the animal was in the defendant's possession. The verdict did not fix the value of the animal, nor was any objection made to the form of the verdict until three days thereafter, when it was assigned as error in the motion for a new trial. **Held** that, no timely objection to the form of the verdict having been made, no reversible error is presented.

2.   **SAME—Discretionary Rulings—Denial of New Trial.** Under the ruling that, before a new trial will be granted because of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably produce a different result, a certain amount of discretion is vested in the

trial court, and his ruling will not be reversed here, unless we are able to see that such evidence would probably produce a different result.

(Syllabus by Sharp, C.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action in replevin by Louis Gray against A. P. Davis. Judgment for plaintiff, and defendant brings error. Affirmed.

*G. T. Ralls* and *George Trice,* for plaintiff in error.

*Patrick E. Wilhelm,* for defendant in error.

Opinion by SHARP, C.   It is first urged that the verdict of the jury in favor of the plaintiff is not supported by the evidence, and that the great preponderance of the evidence was in favor of the defendant, and therefore the verdict of the jury should have been in his favor.   This court has repeatedly held that where there is any substantial evidence, reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.   In other words, this court will not investigate the record to see whether or not the verdict of the jury is contrary to the weight of the evidence, or examine into the evidence to ascertain its credibility.   *Hilsmeyer v. Blake,* 34 Okla. 477, 125 Pac. 1129; *Dockstader v. Gibbs et al.,* 34 Okla. 497, 126 Pac. 229; *Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, 129 Pac. 858.   There being evidence reasonably tending to support the verdict of the jury, further consideration need not be given this assignment.

It is next urged that the verdict of the jury is not a legal verdict.   The verdict is as follows:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find for the plaintiff and the return of animal in controversy to the plaintiff or for its value fixed at $————."

It is admitted that, at the time the verdict was returned, the animal in question was in the defendant's possession.   It may well be doubted if, under section 4807, Rev. Laws 1910, there was occasion for the jury to find the value of the animal, for the

reason that apparently the statute only contemplates that the value of the property be found by the jury in case a delivery cannot be had. *Kohlman v. Williams,* 1 Okla. 136, 28 Pac. 867; *Hawkins v. Overstreet,* 7 Okla. 277, 54 Pac. 472; *Marrinan & Bro. v. Knight,* 7 Okla. 419, 54 Pac. 656. But, in view of the fact that it does not appear from the record that any timely objection was made to the form of verdict, it is unnecessary to determine its sufficiency. The only objection made to the form of the verdict is found in the motion for a new trial filed three days after the verdict had been returned. This, we think, came too late. Had the objection been presented at the time the verdict was returned and before the jury was discharged from the consideration of the case, it is probable that the error, if such it be, would have been corrected. In *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791, the court quoted with approval from the opinion of Justice Brewer in *Blake v. Powell,* 26 Kan. 320, wherein that distinguished jurist observed, in a similar case:

"Plaintiff claims that he has a right to return such portion of the stock as he still retains, and have a reduced judgment of value to that extent, and that therefore the jury should have found the value of each separate article in the stock of goods. It is enough to say, in reply to this objection, that it was not presented at the time the verdict was returned. Perhaps if the plaintiff had then insisted on the jury's finding the value of any particular article which he desired to return, it might have been proper to require the jury to so find; but, in the absence of any such request, it would be absurd to hold that when the replevin is of a stock of goods, as in the present case, the jury is bound to state in their verdict the value of each particular article."

In *Ward v. Richards, supra,* the action was one of replevin, and the jury failed to fix the value of the property, the possession of which it adjudged, and the court held that the jury having failed to find the value of the property, either in gross or separately, the error, if error was committed in failing to so find, was against the defendant, and not the plaintiff, and was therefore without prejudice. See, also, *Stanard v. Sampson et ux.,* 23 Okla. 13, 99 Pac. 796; *Brown et al. v. First Nat. Bank of Temple,* 35 Okla. 726, 130 Pac. 140.

Lastly, it is urged that the court erred in overruling the amended motion for a new trial, setting up newly discovered evidence. The rule in such cases is that, before a new trial will be granted on the ground of newly discovered evidence, it must be made to affirmatively appear that the new evidence will be sufficient to probably change the verdict and produce a different result. *Eisiminger v. Beman,* 32 Okla. 818, 124 Pac. 289; *Mowatt v. Butler,* 37 Okla. 365, 132 Pac. 329. We have read the motion and accompanying affidavit, and cannot say that the trial court abused its discretion in overruling the motion for a new trial. While the newly discovered testimony was seemingly competent, it is far from probable that, if at hand, another jury would arrive at a different conclusion.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.