## SWAYDAN v. ELLIS.

No. 7384.—Opinion Filed June 20, 1916.

(158 Pac. 434.)

### 1. Appeal and Error—Review—Questions of Fact.

The first paragraph of the syllabus in Myers v. Cabiness, 14 Okla. 671, 146 Pac. 33, is adopted and approved in this case.

### 2. Judgment — Conclusiveness—Parties Concluded.

The scheduling of property as exempt by a bankrupt and its approval by the referee in bankruptcy is not res adjudicata as to the ownership of such property in a subsequent action between the bankrupt and the third parties—not parties to the bankruptcy proceedings.

### 3. Replevin—Judgment — Form — Value of Property.

In an action of replevin, where the plaintiff obtained possession of the property at the commencement of the action, and the verdict was for the defendant, but the verdict did not fix the value of the property, and no objection was made to the form of the verdict until three days thereafter, when it was assigned an error in the motion for new trial, Held that, no timely objection to the form of the verdict having been made, it was not prejudicial error for the court to render judgment against the plaintiff for the value of the property in the event it should not be returned to the defendant.

(Syllabus by Galbraith. C.)

Error from County Court, Tulsa County; Con Linn, Judge.

Action by Albert Swaydan against J. B. Ellis. Judgment for defendant, and plaintiff brings error. Affirmed.

L. H. Taylor, for plaintiff in error.

Jno. J. N. Sykes, for defendant in error.

Opinion by GALBRAITH, C. This was an action in replevin involving the ownership of two horses. The judgment creditor of Norman Swaydan caused the horses to be seized under an order of attachment. Albert Swaydan, the plaintiff in error, and a brother of the judgment debtor, replevined the horses, claiming to own the same, and obtained possession thereof, and was in possession of them at the time of the trial. There was a trial to the court and a verdict for the defendant, upon which judgment was rendered against the plaintiff for the return of the horses, or their value, fixed at $125. An appeal from that judgment has been prosecuted to this court.

It is contended by the plaintiff in error that, prior to the seizure of the horses under the order of attachment, the plaintiff had been adjudged a bankrupt in the United States

District Court for the Eastern District of Oklahoma, and that he scheduled these horses as exempt property; that his schedule was allowed, and they were set apart to him as exempt property; that this adjudication was and is res adjudicata as to the ownership of these horses; and that the trial court should have so instructed the jury.

To this contention we cannot assent. Norman Swaydan, the judgment debtor, was not a party to the bankruptcy proceeding, nor was his judgment creditor. The adjudication of the ownership of the horses may have been res adjudicata in subsequent proceedings between Albert Swaydan, the bankrupt, and his creditors, who were parties to the bankruptcy proceeding. McCurry v. Sledge, 48 Okla.: 27, 149 Pac. 1124. But that adjudication could not have such effect as to third parties, not parties to the bankruptcy proceeding.

It is again contended that the jury returned a general verdict for the defendant, and did not find the value of the horses, and that therefore the court had no authority to find such value and render judgment against the plaintiff for the same.

The record fails to show that there was any request for the jury to find the value of the horses, or that any effort was made to have the form of the verdict corrected at the time it was rendered. In fact, the first objection to the form of the verdict was made in the motion for new trial filed three days after the return of the verdict.

In Davis v. Gray, 39 Okla. 386, 134 Pac. 1100, this same objection was made to the verdict and judgment in a replevin action; but the objection was not made until the motion for new trial was filed three days after the return of the verdict. It was said:

"This, we think, came too late. Had the objection been presented at the time the verdict was returned and before the jury was discharged from the consideration of the case, it is probable that the error, if such it be, would have been corrected."

There was but one issue to be decided in this case, namely, the ownership of the two horses, purely a question of fact for the determination of the jury. The evidence, while conflicting, clearly tends to support the verdict. No prejudicial error of law has been made to appear.

The judgment should therefore be affirmed.

By the Court: It is so ordered.