### EOFF et al. v. ALEXANDER.

No. 8083—Opinion Filed Dec. 5, 1916.

(161 Pac. 802.)

**1. Appeal and Error—Review—Questions of Fact—Verdict.**

There being evidence reasonably tending to support the verdict in a case at law, this court will not set it aside upon the weight of the evidence.

**2. Appeal and Error—Presenting Questions in Trial Court—Exceptions—Verdict.**

A person desiring to raise the question of the sufficiency in form of a verdict, or of the omission of material elements therefrom, should, before the jury is discharged, object to the same in such manner that the grounds of his objection are made known to the court, and, if such objections are overruled, then properly save his exceptions to the ruling of the court. It is not ordinarily sufficient to merely except to the verdict.

(Syllabus by Burford, C.)

Error from District Court, Tillman County; T. P. Clay, Assigned Judge.

Acetion by J. A. Alexander against B. B. Eoff and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Wilson & Roe, for plaintiffs in error.

Mounts & Davis, for defendant in error.

Opinion by BURFORD, C. J. A. Alexander sued B. B. Eoff, as sheriff, and the National Bank of Commerce of Frederick, in replevin for certain mules, a wagon, and harness. There was a trial to a jury after issues joined, and verdict and judgment for plaintiff. Defendant appeals.

But two questions are presented by the brief: (1) The sufficiency of the evidence to sustain the verdict; and (2) the sufficiency of the verdict itself.

Upon the first question it suffices to say that after an examination of the record we are satisfied that there was evidence upon all material issues, including the liability of the sheriff, sufficient to raise an issue of fact for the determination of the jury, and to reasonably sustain the verdict found by them. In such cases, under our repeated decisions, in a suit at law, we are not at liberty to set aside the verdict upon the weight of the evidence, even though we may disagree with it.

Upon the second point the jury found for the defendant for the return of the property, or, in the event it could not be returned, for its value in the sum of $300 and interest. It is insisted that defendants, by deduction from the decision of this court in Leeper, Graves & Co. v. First National Bank, 26 Okla. 707, 110 Pac. 655, 29 L. R. A. (N. S.) 747, Ann. Cas. 1912B, 302, were entitled to have the jury find and set out in their verdict the separate value of the articles of property sought to be replevied. This question is not properly before us for review. If the defendants had such a right, they could waive it. The verdict would not necessarily be void, if it fixed no value at all. Ward v. Richards, 28 Okla. 629, 115 Pac. 791; Davis v. Gray, 39 Okla. 386, 134 Pac. 1100; Crisp v. Gillespey, 50 Okla. 541, 151 Pac. 196. In Dunlap & Taylor v. Flowers, 21 Okla. 600, 96 Pac. 643, this court, passing upon the very question here raised, in a suit brought under the Arkansas practice, said:

"If the defendant does not demand a separate valuation before the verdict of the jury is returned, or object to the verdict in solido before the jury is discharged, he waives his right to have a separate valuation in the verdict."

So in Crisp v. Gillespey, supra, it was held that this question might be waived if no

timely objection were made, and that to be timely the objection must be made before the jury is discharged and "when the error as to form could be corrected." Such seems to be the general rule. Hobbs v. Clark, 53 Ark. 411, 14 S. W. 652, 9 L. R. A. 526; Johnson v. Fraser, 2 Idaho (Hasb.) 404, 18 Pac. 48; Blake v. Powell, 26 Kan. 320; Avery v. Popper (Tex. Civ. App.) 45 S. W. 951; Wilson v. Barnes, 49 Ala. 134.

In the case before us there was no request for a separate valuation, before the jury retired or afterward. The only objection or exception appearing in the record is the following recital in the case-made:

"The jury returned into open court their verdict herein, which was by the clerk duly read in their presence and hearing, filed, and made a part of the record herein. To the finding and rendering of which said verdict the defendants then and there duly and legally excepted at the time, and their exceptions were by the court allowed."

Construed either technically or broadly, this exception is not sufficient to raise the question of failure to find separate values. Technically an exception, as defined by our statute (Rev. Laws 1910, sec. 5026), is "an objection taken to a decision of the court or judge upon a matter of law." Though an exception is often construed as an objection, it seems that, however regarded, the court's attention must in some way be challenged to some legal insufficiency or error, and a ruling invoked thereon, and if the ruling be adverse the proper office of an exception first arises, since then for the first time there is a decision of the court or judge upon a matter of law.

If the exception here taken can be construed as an objection to the sufficiency of the verdict, still we think it not sufficient. The object of an objection is to call the attention of the court to some error, that it may be corrected. It is not for the purpose of getting into the record on error upon which a reversal may be predicated. In all fairness the objection should be sufficient to advise the court what the error is of which complaint is made. Such is the rule generally and in this particular class of cases. See vol. 8 Ency. Pl. & Pr. 281; 38 Cyc. 1905, and cases cited. So much seems to be contemplated by our statute. It is provided (Rev. Laws 1910, secs. 5028-5030):

"No particular form of exception is required. The exception must be stated, with so much of the evidence as is necessary to explain it and no more, and the whole as briefly as possible."

"Where the decision * * * is entered on

the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted, at the end of the decision that he excepts."

"Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing, and present it to the judge for his allowance. If true, it shall be the duty of the judge to allow and sign it; whereupon it shall be filed with the pleadings * * * but not spread at large upon the journal. If the writing is not true, the judge shall correct it, or suggest the correction to be made, and it shall then be signed as aforesaid."

The exception in the instant case does not in any way advise the court of the error alleged as to the verdict, and wholly fails to comply with the statute or proper practice in such cases. We therefore hold that the question of separate valuation in the verdict was not properly raised in the trial court and is not before us for review.

In discussing objections generally herein, we have not referred to objections to the introduction of testimony governed by section 5070 of the Code.

No error being found in the record, the cause should be affirmed.

By the Court: It is so ordered.