## JACKSON v. DARDEN.

No. 10281—Opinion Filed July 19, 1921.

(Syllabus.)

1. **Appeal and Error—Time for Objections —Form of Verdict—Replevin.**

In an action of replevin the jury found generally for the plaintiff. At the time of the trial the animal was in the possession of the defendant. The verdict did not describe the animal or fix its value. No objection was made to the form of the verdict until the next day after it was filed, when it was assigned as error in the motion for a new trial. Held, that no timely objection to the form of the verdict having been made, no reversible error is presented.

2. **Replevin—Judgment—Value of Property —Form of Verdict—Waiver.**

In an action of replevin, where the property was in the possession of the defendant at the time of the trial, and the verdict was for the plaintiff, but failed to fix the value of the property, and no timely objection was made to the form or substance of the verdict, and there being no conflict in the evidence as to the value of the property, it was not prejudicial error for the court to render judgment against the defendant for the value of the property, in the event it should not be returned to the plaintiff.

3. **Replevin—Demand—Costs.**

In order to maintain an action of replevin, even where the original taking was not tortious or wrongful, a demand for possession of the property is not a condition precedent; but where the defendant was rightfully in possession and there was no evidence of demand, he is entitled to costs, upon a tender of the property to the plaintiff, but if he does not tender the property to the plaintiff by answer or plea and contests the action, the writ will be a sufficient demand, and defending the action a refusal, and costs should be taxed against the defendant.

4. **Appeal and Error — Review — Verdict Sufficiency of Evidence.**

In a law action, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instruction of the court, or its ruling upon questions of law presented during the trial, the verdict and finding of the jury are conclusive upon appeal.

Error from County Court, Okmulgee County; Dudley C. Monk, Judge.

Action in replevin by J. L. Dardin against Lemuel Jackson. Judgment for plaintiff, and defendant brings error. Affirmed.

Wallace & Stephens, for plaintiff in error.

Fred M. Carter, for defendant in error.

NICHOLSON, J. This is an action in replevin for the recovery of the possession of a black steer, brought originally by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, before a justice of the peace in and for the city of Okmulgee. Judgment was there rendered for the plaintiff below, the cause was appealed to the county court of Okmulgee county, and upon a trial in that court, the jury returned a verdict for the plaintiff, upon which judgment was rendered. We will hereafter refer to the parties as they appeared in the trial court.

The controversy is over the ownership of the steer. The plaintiff claims to have purchased it from one Wm. Thorman, when it was eight or nine months old; that about the 10th of March, 1917, said steer, together with other cattle, owned by the plaintiff, broke out of the enclosure of the plaintiff and wandered away; that some days afterwards he saw the steer in the hog lot of the defendant, and told the defendant that he had lost said steer, described it and asked the defendant if he had seen it, to which the defendant replied that he had not; that afterwards, in the month of May, 1917, the plaintiff saw the steer in the pasture of the defendant; that he at that time pointed said steer out to the defendant as his, but the defendant claimed that he had raised the

steer, and denied the plaintiff's ownership. On the trial, the defendant claimed that he had raised the steer in controversy, and that he was the owner thereof.

The defendant complains of the action of the trial court in rendering judgment upon the verdict, which, omitting the caption, is as follows:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find in favor of the plaintiff"

—and urges that the verdict is insufficient in form and substance to support any judgment thereon, for the reason that it fails to identify or describe the property and fails to fix the value thereof.

The verdict should have described the property in controversy, and should also have fixed its value, but the record fails to show that any objection was made to the form of the verdict until the next day after it had been returned, when such objection was assigned as error in the motion for a new trial. This came too late. If the defendant desired to object to the form or substance of the verdict, it was his duty to do so promptly and before the jury was discharged, and to specify his objections in such a manner that the court would know the grounds thereof, in order that the error, if any, might be corrected. Davis v. Gray, 39 Okla. 386, 134 Pac. 1100; Swaydan v. Ellis, 59 Okla. 175, 158 Pac. 434; Evans v. Smith, 50 Okla. 285, 150 Pac. 1096; Crisp v. Gillespey, 50 Okla. 541, 151 Pac. 196; Eoff v. Alexander, 62 Okla. 12, 161 Pac. 802.

The plaintiff testified that the steer was worth $45 or $50, and this was not denied. Had the jury fixed the value, it must have fixed the same at no less than $45, nor more than $50, and as the court fixed the value at the minimum amount testified to, the defendant could not be prejudiced by such finding and judgment. In Swaydan v. Ellis, supra, this court held that it was not prejudicial error for the court to render judgment for the value of the property when the jury had failed to fix such value.

It is next contended that the court erred in overruling the demurrer of the defendant to the evidence of the plaintiff, and in refusing to give to the jury instruction No. 1, requested by the defendant. Said demurrer and requested instruction present two questions: First, that the plaintiff was not entitled to recover, because no demand was made for the return of the steer; and, second, that the defendant was entitled to a lien for feeding and caring for the said steer while the same was in his possession.

The court did not err in overruling said demurrer, nor in refusing to give to the jury the instruction requested. The evidence shows that the defendant claimed to be the owner of the steer, and that he defended on that ground. A demand for the possession of the property was not a condition precedent to the maintenance of this action. If no demand was made, and the original possession of the defendant was lawful, and he tendered the property to the plaintiff, and upon its delivery by proper answer discharges the action, costs should be taxed against the plaintiff; but if the defendant did not pursue this course, and contested the action, the writ was a sufficient demand, and defending the action a refusal. Citizens' State Bank of Lawton v. Chattanooga State Bank, 23 Okla. 767, 101 Pac. 1118; Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013. The evidence fails to show that the defendant claimed a lien for caring for and feeding the steer, or ever at any time intimated to the plaintiff that he made any charge for caring for and feeding said steer, but his whole defense was that he was the owner thereof, and we cannot see how he could consistently claim a lien upon that of which he claimed to be the owner.

It is next contended that the court erred in admitting in evidence the deposition of J. W. Rayburn; but as the evidence of this witness was merely cumulative, the error, if any, in admitting said deposition was harmless.

The evidence is conflicting on the question of ownership of the steer, but there is competent evidence reasonably tending to support the verdict of the jury, and the same will not be disturbed by this court. Blasdel v. Gower, 70 Oklahoma, 173 Pac. 644; Bunker v. Harding, 70 Oklahoma, 174 Pac. 749; Conley v. Jones, 80 Okla. 247, 195 Pac. 489.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed; and as in the brief of the defendant in error judgment is asked against the sureties on the supersedeas bond, it is ordered and adjudged by this court that in the event the possession of said steer is not delivered to said defendant in error, in accordance with the judgment of the trial court, the defendant in error, J. L. Dardin, do have and recover of and from Lewis E. Luckey and Julia Jackson, nee Doil, sureties on said supersedeas bond, the sum of $45, with interest thereon at the rate of 6 per cent. per annum from the 18th day of April,

1918, and all costs of this action, for which execution is awarded.

PITCHFORD, V. C. J., and KANE, JOHNSON, and ELTING, JJ., concur.