## JEFFRIES V. HARGIS.

50 65
53 413

50 65
75 311

1. EVIDENCE: *To establish boundaries of land: Surveys: Construction of statute.*

In an action for trespass committed by cutting timber on a tract of wild land, it is. competent to establish the identity of the land by the testimony of a surveyor and other witnesses familiar with its boundary lines. *Sec.* 1182, *Mansf. Dig.* which provides. that "no survey made by any person, except the county surveyor, or his deputy, shall be considered as legal evidence unless made under authority of the United States or by consent of parties," makes the county surveyor's certificate *prima facie* evidence admissable as a record, without other proof, but does not exclude the testimony of witnesses in court to establish the true location of boundaries. *Smith v. Leach,* 44 *Ark.* 287.

2. TRESPASS: *Committed through mistake as to boundaries of land.*

It is the duty of a land owner to know the boundaries of his own property and keep within them, and ignorance thereof will not excuse a trespass upon the land of his neighbor.

APPEAL from *Cleveland* Circuit Court.

W. D. JOHNSON, Special Judge.

*W. P. Stephens,* for appellant.

1. The evidence offered by plaintiff was competent to establish the boundaries of the land. A survey was not necessary by the county surveyor or as contemplated by *Ch.* 37, *Mansf. Digest.* See 1 *Ark.* 448.

Title and constructive possession are sufficient to maintain trespass. 1 *Arks. sup*: 44 *Ark.* 74; 14 *Id.* 436.

The master is liable for the trespass of his servants, not only when they are *directed* by him, but also when the scope of his employment is such that he has been left at liberty to do the injury, while pursuing his employment. He is liable for the wrongful acts he suffers his servant to do. *Cooley on Torts,* 534–5–8–9.

Jeffries v. Hargis.

It was the duty of defendant to have had the land surveyed before cutting the timber. *Act March 6th,* 1885.

*R. H. Rousseau,* for appellant.

Reviews the instructions given and refused, and contends that the court erred in declaring the law.

1. The close in trespass may be identified by the testimony of any competent witness, who is familiar with the boundaries. *Greenl. Ev Vol.* 2, *p,* 68, *8th Ed.* Survey by county surveyor not necessary. 1 *Ark.* 448.

2. Constructive possession under claim of title, sufficient to maintain trespass. 2 *Greenl. Ev. par.* 614, *8th Ed.;* 1 *Chitty Pl.* 188, 195 ; 2 *Camp.* 464 ; 6 *East,* 33 ; 1 *Mend.* 466 ; 8 *Johns.* 432 ; 11 *Johns.* 285 ; 8 *Cow.* 115 ; 15 *Peck.* 121 ; 10 *N. H.* 379 ; 2 *Swan.* (*Tenn*). 167 ; 21 *Penn. St.* 515.

3. The master is liable for trespass of his servants in the usual course of employment, whether he directed it or not. It is sufficient if he suffers it. 3 *Greenl. Ev. par.* 621.

4. As to liability for cutting or removing timber, see *Mansf. Dig.* 6459, 1568, 1569, 1661, 6461.

5. The mere fact that a trespass was not intentionally committed is not a defense. The defendant should have known the boundaries of the land ; it was his duty to ascertain them before cutting timber.

*Met. L. Jones,* for appellee.

The cause was fairly submitted to the jury on the proof, and they found that defendant had committed no trespass. This was a question of fact.

The instructions taken altogether, were not misleading.

COCKRILL, C. J. This is an action of trespass brought by appellant against the appellee. It is a petty controversy about the damage done to a piece of wild land by entering upon it and cutting and carrying away a few trees. The defendant had bought the right to cut the timber from a

tract adjoining the plaintiff's, and through an apparent mis-understanding as to where the dividing line lay, entered upon the land in controversy. Counsel upon both sides have confined their inquiries to questions arising on the charge to the jury as to what constitutes a trespass, and what evidence was competent to prove the boundary line between the two estates. The abstract goes no further, and we do not, therefore, go beyond it.

The plaintiff proved by a surveyor, and others who pro-fessed to be familiar with the dividing line between the land claimed by her and that held by the defendant, that the defendant, or his agents under his direction, had crossed the line and cut trees upon her side; but the court instructed the jury in effect, that the line could not be proved by any evidence except a certified copy of the record of the survey made by a county surveyor, or by a survey made by the mutual consent of the parties. The charge on this point was based upon *Section* 1182 *of Mansfield's Digest*, but is a misconception of that provision of the law, as was pointed out in *Ledbetter v. Fitzgerald*, 1 *Ark.* 448, and *Smith v. Leach*, 44 *Ark.* 287.

1. **BOUN-DARIES:** Evidence of.

The evidence offered by the plaintiff was competent to establish the identity of the land to which the injury was done. *Cases supra.*

The court also instructed the jury that if the defendant crossed the boundary line between the two tracts, through mistake, he was not guilty of trespass, notwithstanding he cut and carried away the trees. It was the defendant's duty to know the boundaries of his own land and keep within them, and ignorance thereof would not justify a trespass upon his neighbors land.

2. **TRES-PASS:** Through mistake.

The judgment must be reversed and the cause remanded.