## HOBBS V. CLARK.

53  411<br>75  311

Decided October 11, 1890.

1. *Replevin—Verdict—Description of property.*

A verdict in replevin, which assessed the value of the "property taken" without describing it, is sufficient, if reference to the complaint makes certain what property was meant.

2. *Replevin—Verdict* in solido *for several distinct articles—When objection taken.*

The right of the defendant in replevin to a separate valuation in the verdict of each distinct article is waived if he does not demand a separate valuation before the verdict or object to a verdict *in solido* before the jury is discharged.

APPEAL from *Pulaski* Circuit Court.

J. W. MARTIN, Judge.

*Blackwood & Williams* for appellants.

1. The verdict of the jury should have been in the alternative; the value of each article and the property to be returned should have been stated. 10 Ark., 504; 29 Ark.; 383; 37 Ark., 550. The judgment upon such a verdict was an error of the court, and no motion for a new trial on this ground was necessary. 37 Ark., 550.

2. It was error to refuse to instruct the jury that before plaintiff can be said to have built the fence "in good faith" on defendant's land, he must have caused the line to be run out by the county surveyor after notice to defendants of the survey. 50 Ark., 67; 50 Ark., 573; Mansf. Dig., sec. 1171.

*Sol. F. Clark* for appellee.

If the fence was a fence of adjoining proprietors, and was necessary as a division fence, and by mistake appellee put it on the land of appellant, it did not thereby become the fence of appellant, but appellee had a reasonable time to remove it. 47 Mo., 297; 44 Mo., 368; 43 Mo., 294; 24 Ind., 278; 6 S. W. Rep., 637.

2. The verdict substantially complies with the statute. It finds the value of the fence as a whole, and it was not necessary to find the separate value of its constituent parts.

3. Between adjoining proprietors one is not a trespasser by going on the lands of the other to build a line fence. No notice was necessary; but Hobbs *was present* when the survey was made, and while the fence was being built. 60 Barb., 45; Moak's Und. on Torts, 361; Wait, Ac. and Def., pp. 238–9.

COCKRILL, C. J. This is an appeal from a judgment in replevin obtained by Clark, who was plaintiff below, against Hobbs, for the possession of the lumber, wire and posts which went to make a fence which Clark erected as a partition fence between his lands and Hobbs'. Hobbs removed the fence and claimed the materials as his own, and, when the action was begun, gave bond and retained them. The record, as represented by the appellant's abstract, presents only the rejected prayers for instructions with the verdict and judgment, and there is no complaint of any error except such as may be disclosed by that part of the record.

It is urged that the court erred in refusing the following prayer for instruction: "The court instructs the jury that, before plaintiff can justify placing or building a fence on defendant's land with privilege or right of taking it off within a reasonable time, if it afterwards turns out that it was placed there by mistake, it must appear from the evidence in this case that plaintiff had had the lines between him and defend-

ant run out by the county surveyor, and notice of such survey given to defendant before it was made. In other words, before plaintiff can be said to have built the fence on defendant's line in 'good faith,' he must, under the evidence in this case, have caused the disputed line to be run out by the county surveyor, upon notice to defendant of such survey.''

Whether one who, intending to build a partition fence, places it through mistake upon the land of the adjoining owner, loses forthwith all property in it, is a question about which judicial opinions differ. But assuming, as the rejected prayer does, the right to recover in case the party building the fence on his neighbor's ground through mistake has acted in good faith in his effort to establish the dividing line between the tracts, it does not follow that a survey by a county surveyor after notice to the adjoining land owner is the exclusive test of good faith as the prayer assumes. The only effect the statute gives to such a survey is to make the officer's record of it *prima facie* evidence of its correctness. *Jeffries v. Hargis*, 50 Ark., 65.

The other rejected request for a charge presented no other question, and there was no error in refusing either.

The other points urged are questions of practice arising upon the form of the verdict, which was in the following language: ''We the jury find for the plaintiff and the value of the property taken to be $72.05 and interest.''

The appellant's answer merely put in issue the plaintiff's title. There was no denial, as the appellant presents the record, of the taking and withholding of any part of the property described in the complaint. There was then no issue as to the identity or quantity of any of the articles described in it, and when the jury found for the plaintiff and assessed the value of the ''property taken,'' it was only necessary to refer to the complaint to ascertain what property was referred to. The rule that that is certain which can be made so, applies to verdicts as well as other writing. *Fagg v. State*,

1. Replevin—Verdict—Description of property.

50 Ark., 506. There was therefore a verdict upon which a valid judgment in the alternative could be entered.

The judgment is said to be erroneous however because the value of the several items which were separately described in the complaint were not separately assessed by the jury in their verdict.

2. Verdict *in solido* for several articles—Waiver. In an action of replevin for several distinct articles of property the defendant, who has retained the possession and against whom the verdict is returned, is entitled to have it specify the separate value of each article, and it is error to refuse him the right. *Hanf v. Ford*, 37 Ark., 544. But it is a right which he may waive. In the absence of a demand for a separate valuation before the verdict, or of objection to the verdict before the jury is discharged, it is fair to presume that the right is not insisted upon, but that the intention is to waive it. *Blake v. Powell*, 26 Kan., 320; *Wilson v. Barnes*, 49 Ala., 134.

If the verdict were insufficient to sustain a judgment, the rule would be different, for then there would be nothing upon which the court could act. Objection to deviations from the strict line of procedure, which do not vitiate the judgment, must ordinarily be made at a time when they can be corrected without retracing the steps of the trial, or the party failing to object will be held to acquiesce in the course pursued. See *Ruble v. State*, 51 Ark., 126; *Moore v. State*, 51 Ark., 130; 1 Thompson's Trials, sec. 113.

The appellant made no demand for a separate valuation of the articles, and made no objection to the form of the verdict when it was returned. It was too late to complain first in his motion for new trial.

Finding no error, the judgment is affirmed.