SAWYER & AUSTIN LUMBER COMPANY v. STATE.

Opinion delivered May 6, 1905.

TIMBER CUTTING—REQUIREMENT OF PRIOR SURVEY.—Under Kirby's Digest, §§ 1988, 1989, providing, in effect, that before any person shall cut and remove timber from land he shall, unless the same has been surveyed and the boundaries thereof ascertained, cause such land to be surveyed by the county surveyor, and the bounds plainly established, and imposing a punishment for failure so to do, a conviction under the act will be set aside where the evidence showed that an unofficial surveyor had surveyed the land and plainly marked the boundaries, even though a subsequent official survey showed that the unofficial survey was less favorable to defendant than the official.

Appeal from Grant Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

*Austin & Danaher,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

It was not necessary to prove that appellant was a corporation. 4 Am. & Eng. Corp. Cas. 181; 82 Mo. 475; 77 Mo. 103; 58 Ark. 98.

McCULLOCH, J. Sawyer & Austin Lumber Company, a corporation, was indicted and convicted of violation of the following statute, viz:

"Before any person or persons who shall desire to cut and remove for purposes of rafting, making railroad ties, piling, telegraph poles, staves or sawing into lumber any timber from any land in this State, he or they shall, unless the same has been surveyed and the boundaries thereof ascertained or known before cutting and removing the same, procure the county surveyor of the county in which such land may be situated, and cause such land to be surveyed by said surveyor, and the metes and bounds of such land shall be marked and plainly established. And this act shall apply as well to persons purchasing timber rights from lands of this State as to landowners." Kirby's Digest, § 1988.

The undisputed testimony shows that appellant was the owner of a tract of land in Grant County, and, desiring to cut the timber thereon for the purpose of sawing the same into lumber, caused the boundaries of said land to be surveyed and plainly marked by a professional surveyor (not the county surveyor), and immediately proceeded to cut and remove the timber. Thereafter the land was surveyed by the county surveyor, who found that the prior survey was not correct, in that it was less favorable to appellant than his own. Appellant cut no timber except upon its own land, as marked out by the first survey.

The statute in question requires the owner, before cutting and removing timber for the purposes named, to cause the county surveyor to survey the land, "unless the same has been surveyed and the boundaries thereof ascertained and known," and a deter-

mination of this case calls for a construction of that part of the statute quoted above.

The evils which the General Assembly of 1899, by the passage of this statute, sought to correct were that many owners of timber lands, either dishonest or recklessly disregardful of the rights of others, invaded the boundaries of owners of adjoining lands, and, when their depredations were discovered, escaped the penalties of a willful trespass by showing that they had made what appeared to be an honest mistake in getting over the line. The purpose of the statute is, therefore, to provide a definite method of ascertainment of the boundaries unless the same have been previously correctly ascertained and made known. The owner must, before cutting timber for the purposes named, cause an official survey to be made by the county surveyor, whose certificate thereof is *prima facie* correct (Kirby's Digest, § § 1142, 1146; *Jeffries* v. *Hargis,* 50 Ark. 65; *Hobbs* v. *Clark,* 53 Ark. 411), unless a correct survey has already been made, and the true boundaries thereof ascertained and known. The owner cannot justify a failure to cause an official survey to be made by showing a previous unofficial survey, unless the same is proved to be a correct survey, nor unless the true boundaries are ascertained and known. An incorrect official survey, though made and acted upon in good faith, will not excuse a failure to cause an official survey to be made; nor will any previous survey excuse such failure unless, at the time of cutting timber, the true boundaries are ascertained and known. A less rigid construction of the statute would permit the very evils which the Legislature sought to prevent.

According to the testimony in this case, appellant had, before cutting any timber, caused the land to be correctly surveyed and the boundaries were ascertained, plainly marked and known. That is to say, the line was surveyed, and marked within its own true boundaries. No complaint can be made by others that appellant accepted a survey less favorable to its own rights than the facts warranted.

The verdict of guilty, therefore, was unsupported by testimony and erroneous. The judgment is reversed, and the cause dismissed.