COX WHOLESALE GROCERY COMPANY *v.* THE NATIONAL BANK OF PITTSBURG, KANSAS.

Opinion delivered April 14, 1913.

1. BILLS AND NOTES—EFFECT OF DEPOSIT OF DRAFT IN BANK.—Where a bank receives upon deposit a draft endorsed without restriction, and gives credit for it to the depositor as cash in a checking account, the bank becomes the absolute owner of the draft so deposited. (Page 604.)

2. EVIDENCE—STATEMENT BY DRAWER OF DRAFT.—After S drew a draft and deposited it with a bank, and the bank gave him credit therefor, any statement or acknowledgement made by S would not be competent against the bank. (Page 604.)

Appeal from Polk Circuit Court; *J. T. Cowling,* Judge; affirmed.

*Wright Prickett* and *J. I. Alley,* for appellant.

1.   The bank was only the *prima facie* owner of the draft.   55 Am. Dec. 292; 22 Hun. 335.

2.   The letters of Scott and the cashier were admissible to show the true ownership of the draft.   Jones on Ev. (2 ed.), p. 312, § 248; 1 Greenl. Ev., § 180; 1 L. R. A. 224; 56 Hun. 501; 10 N. Y. Supp. 561; 33 Ark. 370.

3.   If there is any evidence, the court should not take the case from the jury.   37 Ark. 164, 239, 580; 35 *Id.* 146; 36 *Id.* 451; 34 *Id.* 460, 743; 75 *Id.* 409; 63 *Id.* 94; 38 Cyc. 1532-3; 8 L. R. A. (N. S.), 1062; 149 S. W. 1188.

*W. M. Pipkin* and *John L. Kirkpatrick,* for appellee.

1.   When a draft is endorsed to a bank, the endorsee becomes the owner and entitled to the proceeds.   14 S. E. 891; 55 *Id.* 681; 71 *Id.* 660; 123 Ala. 612; 41 W. Va. 37; 103 Iowa, 581.

2.   The letters of Scott and the cashier were inadmissible in evidence.   16 Cyc. 1214; 23 *Id.* 740.

3.   The court properly directed a verdict, as there was no evidence for a jury to pass upon.

McCulloch, C. J.   Appellant, a corporation doing business at Mena, Arkansas, instituted this action in the circuit court of Polk County against the Pittsburg Elevator Company, a corporation of Pittsburg, Kansas, and A. L. Scott, a resident of that place, to recover damages alleged to have been sustained by reason of the damaged condition of a carload of grain purchased by appellant from said defendants.

At the commencement of the action a writ of garnishment was sued out and served upon the Farmers' & Merchants' Bank, of Mena, Arkansas., to impound a sum of money in that bank alleged to be the property of said defendants.   Appellee, the National Bank of Pittsburg, Kansas, intervened, claiming the fund as its property. The Farmers' & Merchants' Bank answered as garnishee, alleging that it had on hand the sum of $393.60, paid by the Goff Wholesale Grocery Company, of Mena, Arkansas, on a draft drawn by defendant, A. L. Scott,

and the garnishee offered to pay said money into court or subject to the order of the court.

Judgment by default was rendered in appellant's favor against the defendants for the amount of damages claimed, and on trial of the issue between the intervenor and appellant the court gave a peremptory instruction in favor of the former. From the judgment in favor of the intervenor an appeal has been prosecuted.

Defendant A. L. Scott, who was president of his codefendant, the Pittsburg Elevator Company, drew a draft for the sum of $393.60, with bill of lading attached, covering the shipment of grain, on the Goff Wholesale Grocery. Company, and endorsed said draft for deposit and credit to the intervenor, the National Bank of Pittsburg. There were other drafts drawn by Scott, endorsed by him and deposited with the intervenor at the same time, all of them being credited to the checking account of the Pittsburg Elevator Company. Intervenor forwarded this draft, with others, to the Southwest National Bank, of Kansas City, with customary endorsement, and that bank, in turn, forwarded the draft for collection to the Farmers' & Merchants' Bank, of Mena, where the same was paid by the Goff Wholesale Grocery Company. The garnishment was served on the Farmers' & Merchants' Bank while the money was in its hands and before remittance thereof could be made to the bank which sent the draft for collection.

. The facts above stated are undisputed, and the court gave a peremptory instruction to the jury to return a verdict in favor of the intervenor.

We are of the opinion that the instruction was correct, for under that state of facts the intervenor was the owner of the draft and the funds paid thereon.

"When a check is taken to a bank," said the court in *Burton* v. *United States,* 196 U. S. 283, "and the bank receives it and places the amount to the credit of a customer, the relation of creditor and debtor between them subsists, and not that of principal and agent."

We approved this doctrine in the recent case of *Southern Sand & Material Company* v. *Peoples Savings Bank & Trust Company,* 101 Ark. 266.

Other cases on the subject are referred to in the decision of the Supreme Court of the United States cited above.

In *Taft* v. *Bank,* 172 Mass. 363, the court said:

"So when, without more, a bank receives upon deposit a check endorsed without restriction, and gives credit for it to the depositor as cash in a drawing account, the form of the transaction is consistent with and indicates a sale, in which, as with money so deposited, the check becomes the absolute property of the banker."

Such is the state of the case now before us, and there is nothing in the record to contradict the fact that the bank became the owner of the check, and the only liability of the drawer was upon his endorsement in case the check was not paid.

Of course, it would have been competent to prove that, notwithstanding the endorsement, the check was delivered merely for collection; but there is no proof to that effect in this record.

It is urged that a certain letter written by the cashier of the National Bank of Pittsburg immediately after the garnishment was some evidence tending to show an acknowledgment that the money was the property of the drawer of the draft and not of the bank. It is unnecessary to encumber this opinion with a copy of the letter, for we have carefully considered its language and find nothing in the slightest degree tending to show an acknowledgement that the money belonged to the drawer of the draft.

It is also insisted that the court erred in excluding a letter written by Scott, drawer of the draft, to the bank at Mena tending to show that he (Scott) owned the draft. Any statement or acknowledgement made by Scott after he had drawn the draft and endorsed it to the bank would not be competent against the latter.

Our conclusion is that the court was correct in giv-

ing the peremptory instruction and the judgment is therefore affirmed.