COLLIN COUNTY GRAIN COMPANY *v.* ANDREWS.

Opinion delivered January 12, 1914.

1. REPLEVIN—OWNERSHIP—BURDEN OF PROOF.—In an action of replevin for a car of grain, the burden is upon the plaintiff to show that he was the owner of the property, before the defendant took possession of the same. (Page 601.)

2. SALE OF CHATTELS—EVIDENCE—ACTS AND DECLARATIONS OF SELLER.— Acts or declaration of the seller of property, made after a sale by him, and after he had parted with possession to the buyer, and in the absence and without the knowledge of the buyer, are not admissible against the buyer for the purpose of affecting or impeach-

ing the sale, or of defeating the title on the ground that the transaction was fraudulent. (Page 601.)

3.  REPLEVIN—SALE OF CHATTELS—FRAUD—BURDEN OF PROOF.—In an action in replevin, where the defendant set up that a sale of the property to plaintiff was fraudulent, the burden on the issue of fraud is on the defendant. (Page 601.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant brought this suit against the appellees to recover a car of oats which the appellees were in possession of under an attachment, issued at the instance of the C. H. Couch Commission Company against the Brown Grain Company, a nonresident. The appellant alleged that it was the owner of the oats by virtue of the purchase of same, and by transfer to it for value from the Brown Grain Company of the bill of lading, issued at Muskogee, Oklahoma, August 3, 1910.

The appellees denied that the appellant was the owner of the car of oats, and set up that the alleged purchase by appellant from the Brown Grain Company was a fraud as to the Couch Commission Company.

The testimony on behalf of the appellant showed that it had in its possession a bill of lading for a car of oats dated at Muskogee, Oklahoma, August 3, 1910, issued to Davidson Mill & Elevator Company, and consigned to Brown Grain Company. The bill of lading was endorsed by the Davidson Mill & Elevator Company, and by the Brown Grain Company to appellant. The endorsement does not show the date when same was endorsed. The bill of lading showed that the car was shipped to shipper's order, "Notify Brown Grain Company, at Magnolia, Arkansas."

The manager of appellant testified that on the 7th of August, he bought from the Brown Grain Company the car of oats in controversy, and paid therefor the sum of $525. It was agreed that appellant, through its agent, paid to the railway company the freight and demurrage on the car of oats in controversy. The manager of the

Brown Grain Company testified that the Brown Grain Company bought the car of oats from the Davidson Mill & Elevator Company, and sold the same to appellant on August 7, 1910.

It was shown that the appellant bought the car while *en route,* and that it intended to divert it; that it had no one in view to whom it might sell at the time of its purchase; that it did not offer to sell, but asked the Brown Grain Company if it had a chance to sell it to sell it for appellant.

C. H. Couch testified on behalf of the appellees that the amount for which he attached the car of oats was $68.91. He claimed that such amount with interest and costs of the attachment was due to the C. H. Couch Commission Company from the Brown Grain Company.

Over the objection of appellant, the appellees introduced several letters purporting to have been written by the Brown Grain Company to various parties after the date of alleged purchase by the appellant from the Brown Grain Company of the car of oats in controversy, by which the appellees attempted to show from declarations made in the letters that the Brown Grain Company still owned the car of oats in controversy after the date of the alleged sale to appellant, towit, August 7, 1910, and that the Brown Grain Company still owned the car up to the time when the appellee Couch Commission Company had the same attached, towit, August 20, 1910.

The court instructed the jury, in substance, that before the appellant could recover, the jury should find from a preponderance of the testimony that the car of oats in controversy was the property of the appellant at the time it was attached by the appellees, and that if they found from the evidence that the sale from the Brown Grain Company to the appellant was for the purpose of defrauding the appellee Couch Commission Company, and to prevent it from collecting its debt, their verdict should be for the appellee commission company.

The court further told the jury that the appellant must rely upon the strength of its own title, and not the

weakness of the appellee's title, and that unless they found from the evidence that the property in controversy was the property of the appellant at the time the attachment was levied by the appellee commission company that they should find for the appellees.

The verdict and judgment were in favor of the appellee commission company, from which this appeal has been duly prosecuted.

*Stevens & Stevens,* for appellant.

1. The letters from Brown Grain Company were incompetent, and the court erred in admitting them in evidence. 6 Enc. of Ev. "B," p. 153.

If said letters were competent evidence, they would not even tend to prove fraud, and fraud is never presumed. 63 Ark. 22.

2. The court erred in amending the first instruction so as to read, "bought in good faith the car of oats," etc. If the Brown Grain Company was solvent, it was no concern of the Couch Commission Company's whether the sale was "in good faith," or not. It was incumbent on defendant to prove insolvency before it could avail itself of the plea of fraudulent conveyance. 6 Enc. of Ev., § 158; 75 Ark. 167; 63 Ark. 412. And on the allegation of fraud, the burden was on the defendants to establish that plea. 63 Ark. 16; 110 Am. St. Rep. 1015.

*C. W. McKay,* for appellees.

The property in question is the property of Brown Grain Company, and not of appellant. This is a good defense, if the evidence sustains it. 19 Ark. 650; 34 Cyc. 1415-1479. The jury having so found, the only question presented is whether or not there was evidence to support the verdict.

WOOD, J., (after stating the facts). The court, in its instructions, under the pleadings and the evidence, correctly confined the issue to whether or not the appellant was the owner and entitled to the possession of the property in controversy. Appellant had no right to maintain

this suit unless it was the owner of the car through its alleged purchase of the same on August 7, 1910, and the court, in its instructions,. placed the burden upon the appellant to show that it was the owner of the property at the time the appellee commission company took possession thereof under the attachment.

We find no error in the rulings of the court in the granting or refusing of prayers for instructions.

The court erred in permitting the letters purporting to have been written by Brown Grain Company after the alleged sale of the car of oats in controversy to the appellant. These letters of themselves were not competent, in the absence of other evidence of fraud to show that the Brown Grain Company and the appellant were attempting, by the alleged sale, to defraud the Couch Commission Company. Aside from these letters, there was no proof of fraud.

"Acts or declarations of a grantor made after a conveyance or sale by him, and after he has parted with possession to his grantee, and in the absence and without the knowledge of the grantee, can not be received in evidence against the grantee for the purpose of affecting or impeaching the conveyance or sale, or of defeating the title on the ground that the transaction was in fraud of creditors." Enc. of Ev., vol. 6, p. 153. See, also, *Cox Wholesale Grocery Co. v. National Bank of Pittsburg,* 107 Ark. 601, 156 S. W. 187.

In view of a new trial, it is proper to state that since the appellees, in their answer, alleged that the sale by the Brown Grain Company to appellant was fraudulent, the burden on the issue of fraud is on the appellees.

For the error in admitting the incompetent evidence, the judgment is reversed and the cause is remanded for a new trial.