## HEIM v. BROCK.

### Opinion delivered March 18, 1918.

LEASES—RIGHT OF LESSEE TO REMOVE PROPERTY FROM LEASED PREMISES AFTER TERMINATION OF LEASE.—The lessee of property should remove machinery and other improvements from the leased premises within a reasonable time after the expiration of the lease, and where he fails to do so, he may lose that right where the owner and a subsequent lessee assume possession of the same.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Reynolds & Reynolds,* for appellants.

1. The court erred in not transferring the cause to the chancery court.

2. The judgment is not sustained by the evidence. Plaintiff was not entitled to maintain replevin. 67 Ark.

135; 82 *Id.* 244; 73 *Id.* 589. Plaintiff had no title, nor interest in the property or its proceeds. The attachment sale was, never confirmed, nor was the sale. according to law. 52 Ark. 446; Kirby's Digest, § 385; 27 Ark. 292; 67 *Id.* 261; 81 *Id.* 147; etc.

2. The machinery was a fixture under the lease. If removed it would be worthless. The lessee refused to repair. The terms of the lease show a clear intention to establish a permanent plant and operate it ,continuously to the end of the lease. 73 Ark. 227; 56 *Id.* 61. The Wilkes-Barre & Co. never acquired any title, but if they did they abandoned it. 120 Ark. 252; 1 Cyc. 4-5; 22 Ark. 499; 9 Am. Rep. 350; 79 Am. Dec. 88.

3. The court erred in rendering an alternative judgment. Defendants put valuable repairs on the property in good faith. 93 Ark. 353-360.

*W. E. Atkinson,* for appellee.

1. Plaintiff was the owner of the property and the court properly so held. 67 Ark. 261.

2. The court erred in requiring plaintiff to pay for repairs. 130 Ark. 542.

3. Plaintiff was entitled to judgment for the prop-, erty without any condition or its value. 65 Ark. 459; 94 *Id.* 513.

4. The machinery did not belong to the lessors. It was not a fixture. 98 Ark. 597.

5. It was error for the court to place values on the property. Plaintiff was entitled to damages for detention and use. 36 Ark. 260; 58 *Id.* 612; 34 *Id.* 184; 51 *Id.* 201; 104 Ark. 397.

*Reynolds & Reynolds,* for appellant, in reply.

The right of removal was lost by unreasonable delay. 20 Am. & E. Ann. Cases 788; 10 *Id.* 107-8; 62 Conn. 542; 26 Atl. 127; 44 Mo. App. 350.

HUMPHREYS, J. W. C. Bufford began a proceeding in attachment for $895.90 against the Wilkes-Barre Anthracite Coal Company, and, on the 16th day of January,

1915, obtained judgment for the amount and an order sustaining the attachment on an engine, boiler, fan house, office and buildings located on lands belonging to George Heim and others. In September, 1915, the property was sold under special execution *ven ex* at which sale, appellee, J. H. Brock, purchased the property for $332.75 by agreement with Bufford that he was not to pay the amount of the bid until he recovered the property, and that Bufford should receive the full amount of his judgment when the property was recovered. The amount of the bid was credited on the judgment. On the .......... day of November, 1915, J. H. Brock, appellee herein, brought suit in replevin in the Johnson circuit court against the Smokeless Anthracite Coal Company, George Heim, M. J. Heim, Anton Nagle, A. W. Rable, Anton Weisenfels and others to recover the property, alleging that he was the owner of and entitled to the possession of the property by virtue of his purchase thereof at said execution sale. The defendants answered, denying that plaintiff was the owner of the property and asserted that the property was owned by George Heim, M. J. Heim, Anton Nagle, W. A. Rable and Anton Weisenfels, and that the Smokeless Anthracite Coal Company had leased the property from them and was entitled to the possession thereof under the lease. The cause was heard by the court, sitting as a jury, on the pleadings and oral and record evidence adduced at the trial.

The court found that the property was worth $300 when appellants took possession of it after July 22, 1914, and that appellants had placed repairs of the value of $550 on it. A judgment was rendered in favor of appellee for possession of one hoisting engine, one cast-iron fan and one boiler, upon payment of $550 by appellee to appellants for repairs made upon said property; and provided in the judgment that upon failure to pay said sum of $550 within the time fixed, appellee should recover $300 with six per cent. interest from appellants.

An appeal and cross-appeal have been prosecuted to this court from that judgment.

In 1906, George Heim and others owned a body of coal land in Johnson County, Arkansas, known as the "Duck's Nest," and leased it for a period of twenty-one years to C. H. Langford. It was provided in the lease that Langford, in the year 1907, should build, construct and equip a coal mining plant of 400 tons daily capacity and should maintain same in good repair. The lease also provided that the "lessees shall have the right to remove all and any machinery placed upon said lands under this contract upon the termination of same." In 1907, Langford transferred the lease to the Superior Anthracite Coal Company. This company installed a large coal mining plant and, while operating same, failed in business. The lease and entire plant was sold by a receiver under an order of court to Wilkes-Barre Anthracite Coal Company. This sale was not confirmed by the court, but the company assumed control of the property and operated it by subleases and through agents and paid royalties under the lease to George Heim and others during the years 1908, 1909, 1910, 1911. About that time, the company ceased to operate the mines, and the evidence strongly tends to show it abandoned the lease and property. The mine was not operated for several years and never operated again by the Wilkes-Barre Anthracite Coal Company. The coal company failed to pay the taxes assessed against the plant and lease for the years 1911 and 1912. In 1913, the plant was almost destroyed by fire. One witness who saw it after the fire described the plant as "a pile of junk." In the year 1913, George Heim and others, owners of the land and original lessors thereof, brought suit against Wilkes-Barre Anthracite Coal Company to cancel the original lease and procured a cancellation thereof in the Johnson chancery court on July 22, 1914; also procured an order for the return of the lands and all improvements and appurtenances thereunto belonging. George Heim and his co-owners took immediate possession of the plant, including the machinery involved in this suit and leased the property to the Smokeless Anthracite Coal Company. The Smoke-

less Anthracite Coal Company repaired the entire plant and has possession thereof and is operating same under lease from George Heim and others. The sheriff seems never to have taken actual possession of the property either under the attachment or execution. Expensive repairs were placed by the company on the particular machinery involved in this suit.

The main question to be determined on appeal is whether there is sufficient evidence to support the finding of the lower court that appellee acquired title to the property in question through the execution sale under C. H. Bufford's judgment against the Wilkes-Barre Anthracite Coal Company. The judgment was obtained by Bufford in January, 1915. The property was sold under execution issued in September, 1915. Appellee's title must depend upon such title as Wilkes-Barre Anthracite Coal Company had to the property at the time of the execution sale in September, 1915. The undisputed evidence disclosed that the property in question was mining property placed upon the land by the Superior Anthracite Coal Company under the original lease made by George Heim and others to C. H. Langford. The lease in question was canceled by order of the chancery court on July 22, 1914, and the property was returned to the original owners. They took immediate control and possession of all the machinery. No attempt was made by Wilkes-Barre Anthracite Coal Company, through whom appellee claimed, to remove the mining machinery from the premises. The original owners restored the property to its former status at great cost, including expensive repairs on the machinery in question. The original owners and their lessees retained the machinery and operated it for more than a year before it was sold under execution by a creditor of the Wilkes-Barre Anthracite Coal Company. Passing the questions of whether the machinery and other improvements under the terms of the lease were a part of the real estate, and whether or not the Wilkes-Barre Anthracite Coal Company acquired the right to remove the machinery by

its purchase from a former lessee who had placed the improvements on the property, we are of opinion that the Wilkes-Barre Anthracite Coal Company, or its creditors, should have removed the machinery within a reasonable time after the lease was canceled, if it or its creditors intended to claim any interest therein. The original lease provided that the lessee might remove the machinery upon the termination of the lease. This did not mean upon the exact moment the lease was terminated, but it did mean that the property should be removed within a reasonable time after the termination of the lease. *Bache, Recvr., v. Central Coal & Coke Co.,* 127 Ark. 397.

The facts in this case disclosed that they waited an unreasonable time, and, during that time, permitted the original owners and its lessees to place repairs on the property greater in value than the original property itself. On the undisputed evidence in this case, the trial court should have so found and declared.

Under this view of the case, it is unnecessary to discuss any question raised on the cross-appeal.

For the error indicated, the cause is reversed with directions to dismiss the complaint of appellee.