## NEAL *v.* COLE.

### Opinion delivered June 21, 1920.

1. MORTGAGE—DEPRECIATION OF SECURITY—INSTRUCTION.—Where a mortgagee before maturity of the debt brought replevin for the property, alleging waste and depreciation of the property by the mortgagor, and the mortgagor denied waste and depreciation and demanded judgment for value of the property which had been taken by the mortgagee and sold under a power of sale in the mortgage, an instruction entitling the mortgagee to recover if the mortgagor was permitting the property "to depreciate to that extent that it diminished the security for the debt and in any way endangered the collection of the debt," *held* to properly submit the issue in the case.

2. REPLEVIN—VERDICT—SEPARATE VALUATION OF ARTICLES.—While the proper practice in replevin is for the verdict to value separately each article, the right to possession of which is determined by the judgment, so that the judgment may be satisfied by the return of such property, objection to a verdict which does not thus value the property may be waived, and is waived unless objected to before the discharge of the jury.

3. MORTGAGES — DAMAGES FOR WRONGFUL FORECLOSURE. — Where a mortgagee wrongfully brought replevin for mortgaged chattels prior to maturity of the debt on the alleged ground of depreciation of security, and foreclosed under power of sale in the mortgage, the measure of the mortgagor's damages is the value of the property at the time of the service of the order of delivery with 6 per cent. interest from that date.

Appeal from Polk Circuit Court; *George R. Haynie,* Judge on exchange; modified and affirmed.

*McPhetridge & Martin* and *Prickett, Pipkin & Mills,* for appellant.

1. The verdict is contrary to the evidence. The value of the property taken was placed at $483. This

value is not sustained by the evidence. The verdict is excessive.

2. The court erred in refusing the instructions asked by appellant. They were proper under the facts of this case. Kirby's Dig., § 6196; 34 Ark. 257.

*Norwood & Alley,* for appellee.

1. The motion for a new trial does not assign that the verdict was excessive, and hence we do not discuss the value of the property. A new trial was not asked on the ground that the verdict was excessive. 75 Ark. 345.

2. There is no error in refusing the instructions asked as they were fully covered by others given by the court. 86 Ark. 600; 105 *Id.* 355-467; 93 *Id.* 548. There were no objections made nor exceptions saved. *Ib.* There was no request to reduce the instructions to writing.

SMITH, J. Appellant sold appellee a wagon and team and harness for $367.50, and in payment therefor took his note due and payable November 15, 1919, and to secure the payment of this note, with the interest thereon, took a chattel mortgage on the property sold and four head of cattle which appellee already owned. On July 19, 1919, appellant brought replevin for this property, alleging waste upon the part of appellee and depreciation of the security. The property was taken under the order of delivery and sold by appellant under the power contained in the mortgage to several different purchasers. Thereafter, at the October, 1919, term of the circuit court appellee answered, denying waste or depreciation of the property, and prayed judgment for its value and damages for its detention. The jury fixed the value of the property *in solido* at $483 and assessed the damages at $163.33, and from the judgment pronounced thereon is this appeal.

It is first insisted that error was committed in refusing to give instructions requested by appellant. But it appears that the instructions given by the court fully and fairly submitted the case to the jury. The jury was

told to find for appellant if they found the fact to be that appellee was permitting the stock upon which appellant had the mortgage "to depreciate to that extent that it diminished the security for the debt and in that way endangered the collection of the debt." This was the issue in the case, and no error was committed in the refusing other instructions which could not properly have been more favorable to appellant.

It is chiefly insisted that the verdict is excessive. The four head of cattle were sold separately for the total sum of $130.50, and it is urged that no competent testimony placed the other property at a higher figure than $300, and it is, therefore, said that the verdict should not be permitted to stand for a larger sum than $430.50. Appellee testified that the wagon and team and harness, in his opinion, were worth what he had agreed to pay, which was $367, and the sales prices of the cattle at the foreclosure sale were not necessarily conclusive of their value. *Harrison* v. *Fulk,* 128 Ark. 232.

There is an assignment of error, however, in the motion for a new trial which appears to be well taken, and that is that the verdict and judgment are contrary to the law and the evidence.

By statute it is provided that "In actions for recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property." Section 6867, Kirby's Digest. It affirmatively appears that there can be no recovery or return of the property in this case, as its conversion became complete with the foreclosure sale, the property passing into the hands of different persons who are not parties to this litigation. The verdict here was *in solido.* The proper practice is to value separately each article the right to the possession of which is determined by the judgment in the case, so that the judgment may be satisfied *pro tanto* by the return of such property; but objec-

tion to a verdict which does not thus value the property may be waived and is waived unless objected to before the discharge of the jury. *Hobbs* v. *Clark,* 53 Ark. 411. It would have been useless in this case to have had a finding of the value of each article separately, because the judgment could not be satisfied in whole or in part by the return of the property thus valued.

The measure of the damages is, therefore, the value of the property at the time of the service of the order of delivery, with interest at 6 per cent. from that date. 23 R. C. L., section 77 of the chapter on Replevin. The judgment for the $483, the value of the property, will, therefore, be affirmed; but the judgment for the $163.33 will be set aside and, in lieu thereof, appellee will have judgment for the interest on $483 at 6 per cent. from July 19, 1919, to this date, together with all costs, except the costs of this appeal, which will be assessed against appellee, and, as thus modified, the judgment will be affirmed.