## TAYLOR *v.* WALKER.

### Opinion delivered June 6, 1921.

1. FIXTURES—LANDLORD AND TENANT.—Parts of a ginning plant attached to the realty by a tenant under an agreement with his landlord that they should be removed upon expiration of the tenancy did not become part of the real estate.

2. APPEAL AND ERROR—REFUSAL OF INSTRUCTIONS.—Refusal of certain requested instructions will not be held error, in the absence of a showing that, in so far as they stated the law correctly, they were not covered by instructions given.

3. APPEAL AND ERROR—OBJECTIONS WAIVED.—Where counsel urge no objections in their brief to instructions given by the court, any objections to them will be waived.

4. REPLEVIN—VERDICT IN SOLIDO.—It was not error to permit the jury in a replevin case to return a verdict *in solido* for the value of several articles if no objection was raised to the court's direc-

tion to return such a verdict until the jury had returned its ver-
dict, although the jury had not then been discharged, where the
parties in their testimony treated the property in dispute as a
single unit of value.

5. Replevin—Waiver of separate valuation.—The statute requir-
ing the separate valuation of each specific article replevied
(Crawford & Moses' Digest, § 8653) may be waived and will be
held to be waived where the property replevied is treated as
parts of a single unit.

Appeal from St. Francis Circuit Court; *J. M. Jack-*
*son,* Judge; affirmed.

*R. J. Williams* and *Walter Gorman,* for appellant.

A verdict should have been directed for Mrs. Tay-
lor, as the property had become part of the realty and
not subject to replevin, and the court erred in its instruc-
tions and in refusing those asked by defendant, Nos. 1
to 11. 11 R. C. L. 1071. The instructions are inconsistent
with the law and with each other. 9 L. R. A. 700 and
notes.

*Mann & Mann,* for appellee.

The instructions state that the law, and the verdict
is sustained by the evidence. The different phases of the
rights of the parties as to the removal of trade fixtures
from the premises were properly presented by the in-
structions. 19 Cyc. 1067; 53 Ark. 526. Appellant has
failed to specifically point out any error in the rulings
of the court.

Smith, J. This is a suit in replevin for various
parts of a system gin plant. The litigation arose in the
following manner: Appellant, Mrs. Taylor, owned a
plantation, which she leased to the Beck Company, a cor-
poration, for a term of five years. This lease was dated
August 4, 1906, and covered the five-year period begin-
ning January 1, 1907. On May 7, 1908, a second lease
was executed for a five-year period, beginning at the ex-
piration of the first lease. Each lease included "the
steam gin and sawmill, together with all buildings of
every kind" being on the land. These leases were trans-
ferred by the Beck Company to George P. Walker on
January 8, 1909.

Before the termination of the last lease, a disagreement arose between Mrs. Taylor and Walker, chiefly over delay in payment of rent, and she served notice on him to vacate. He vacated the premises, but left the gin house locked and refused to surrender the key. Thereupon Mrs. Taylor put another lock on the gin house. She refused, on demand, to surrender certain pumps, belts, pulleys, gins, presses and other fixtures, whereupon Walker brought replevin therefor. This suit was commenced September 21, 1915.

It was shown on behalf of Walker that the old gin house was in a dilapidated and dangerous condition, and the gin was moved across the road into a new building. According to Walker, it was not only agreed that he should retain ownership and control of any new machinery installed by him, but it was also agreed that he should have the right to remove the building at the expiration of his lease if he desired to do so. In erecting the new plant, Walker used the old engine and certain shafting and a fan belonging to the old plant. All other parts were new.

At the trial testimony was offered as to the value of these new parts as a unit comprising a ginning plant and the usable value thereof. The jury returned into court the following verdict: "We, the jury, find for the plaintiff for the possession of the property, and fix the value at $650, and find a fair rental value of said property to be $300 for the five years said property was held by the defendant."

After the verdict had been read, but before the jury had been discharged, counsel for Mrs. Taylor objected to its form, for the reason that it did not specify the separate value of the various parts of the gin which had been replevied.

It is insisted that a verdict should have been directed in Mrs. Taylor's favor, upon the ground that the property replevied had become a part of the real estate and was not, therefore, the subject of replevin. Without a full recitation of the testimony on this issue, it suffices to

say that, according to the testimony which tends to support the verdict, Walker was unable to operate the gin on account of its age and condition, whereupon it was agreed that he might install such new. parts as were necessary, with the privilege of removing them upon the expiration of his tenancy.    Under this agreement the new parts of the ginning plant did not become a part of the real estate, but remained the lessee's personal property, and were therefore subject to a suit in replevin.    *Buffalo Zinc & Copper Co.* v. *Hale,* 136 Ark. 10; *Cameron* v. *Robbins,* 141 Ark. 607; *Vanhoozer* v. *Gattis,* 139 Ark. 390; *Heim* v. *Brock,* 133 Ark. 593; *Bache* v. *Central C. & C. Co.,* 127 Ark. 397.

At the trial from which this appeal comes, instructions numbered from 1 to 11 were asked in Mrs. Taylor's behalf, but none were given, and counsel complain of this refusal.    It is not shown, however, that these instructions. in so far as they correctly declare the law, were not covered by other instructions which were given.

Complaint is also made that the court erred in giving instructions, but no, error is pointed out in the instructions given.    *Reed* v. *State,* 103 Ark. 391; *Bass* v. *Starnes,* 108 Ark. 357.

It is finally insisted that the jury was permitted to return a verdict *in solido.*    This point appears, however, not to have been raised until the jury had returned its verdict, although the jury had not then been discharged.

It appears that the cause was tried upon the theory that the various articles replevied constituted a single unit of value, and the testimony on both sides related to the value of the property as a whole.    The request that the articles be separately valued could not have been complied with by the jury even if the request had been made when the jury first retired to consider of its verdict, because, as has been said, each side had treated the property in dispute as a single unit of value.

The statute does provide (section 8653, C. & M. Digest) for fixing the value of each specific article replevied; but this requirement is not jurisdictional.    It may

be waived. *Hobbs* v. *Clark,* 53 Ark. 411; *Neal* v. *Cole,* 144 Ark. 547. And will be held to be waived in a case where, as in this, the property replevied is treated as parts of a single unit.

It is also objected that the verdict returned included the usable value, not only of the property replevied, but of other property used in connection with it owned by Mrs. Taylor. It is not made to appear, however, that such is the case. It is true that property owned by her was used in connection with other property owned by Walker, and that it took all of the property to make a complete gin plant. But there was no question in the case about what property was owned by her, or what parts of the plant had been installed by Walker, and no objection appears to have been made that the testimony in regard to usable value was not confined to the parts installed by Walker.

No error appearing, the judgment is affirmed.