MERCHANTS' BANK OF KANSAS CITY v. SEARCY WHOLESALE
GROCER COMPANY.

Opinion delivered November 10, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—In trials at law before the court as well as before the jury, a finding of fact will not be disturbed when based on conflicting evidence if there is substantial evidence to support the finding.

2. BANKS AND BANKING—OWNERSHIP OF DRAFT.—Where a draft was drawn by a seller on the buyer in favor of a bank for the price of a shipment, the draft became the property of the bank when it credited the amount of the draft to the seller's checking account, and the proceeds of the draft were not subject to garnishment while in the hands of the bank to which the payee bank had sent it for collection.

3. CUSTOMS AND USAGES—EVIDENCE.—Testimony as to the custom of bankers in a particular locality is inadmissible to prove the custom in another locality.

4. EVIDENCE—ADMISSION.—Where a bank purchased a draft drawn in its favor by a seller on the buyer for the price of a shipment of goods, the act of the bank in consulting the seller to determine whether a requested credit should be allowed to the buyer was not an admission that the draft was not the bank's property, as the seller would be liable to the bank as drawer if the draft should not be paid.

Appeal from White Circuit Court; E. D. Robertson, Judge; reversed.

Brundidge & Neelly, for appellant.

Where a draft is indorsed to and deposited with a bank, which credits the amount to the holder's account, the bank becomes the absolute owner of the draft. 142 Ark. 336; 147 Ark. 321; 138 Ark. 321; 107 Ark. 601. In the absence of fraud or bad faith, a bank which discounts a draft with bill of lading attached is not answerable to the drawee for the performance of the consignor's contract. 44 L. R. A. (N. S.) 600; 33 L. R. A. (N. S.) 954; 18 L. R. A. (N. S.) 1221; 6 L. R. A. (N. S.) 242; 49 L. R. A. (N. S.) 679; 4 R. C. L. § 36, p. 34.

John E. Miller, for appellee.

The findings of a circuit court sitting as a jury will not be disturbed where there is substantial evidence to

sustain them.  148 Ark. 156; 152 Ark. 498; 153 Ark. 212;
155 Ark. 593; 144 Ark. 170; 111 Ark. 190; 100 Ark. 166;
157 Ark. 167; 145 Ark. 466; 150 Ark. 43.

McCULLOCH, C. J.   Appellee, Searcy Wholesale
Grocer Company, is a domestic corporation doing busi-
ness at Searcy, Arkansas, and it instituted this action in
the circuit court of that county against the Michael-
Swanson-Brady Produce Company, of Kansas City, to
recover the sum of $237.75 for damages sustained by
reason of alleged depreciation, by decay and otherwise,
of a part of a carload of potatoes sold and shipped by
said defendant to appellee.  A garnishment was issued
at the instance of appellee against the Bank of Searcy as
garnishee, and the garnishee answered that it had in its
possession the sum of $306.77, the proceeds of a draft
drawn on appellee by defendant in favor of appellant,
Merchants' Bank of Kansas City.  Appellant appeared
as intervener in the cause, and claimed the proceeds of
the draft as its property.  There was a trial of the issues
before the court sitting as a jury, and the court found in
favor of appellee for the recovery of the amount claimed
against the defendant, and also found that the funds in
the hands of the garnishee were not the property of
appellant, but were the property of the defendant, and
rendered judgment accordingly.  The defendant, Michael-
Swanson-Brady Produce Company, did not appear in the
action.

The sole contention here is that the finding of the
court was not supported by any evidence, and we must,
of course, follow the well-established rule that, in trials
at law before the court as well as before a jury, the find-
ing will not be disturbed, when based on conflicting evi-
dence, if there is testimony of a substantial nature in
support of the finding or verdict.

The facts developed at the trial by uncontradicted
evidence are that appellee purchased a carload of pota-
toes from defendant, Michael-Swanson-Brady Produce
Company, the price being the sum of $306.77, and defend-
ant shipped the car of potatoes by rail to appellee, and

drew a draft on appellee in favor of appellant for the price of the potatoes; that appellant credited the amount of the draft to defendant's checking account on the books of the bank and forwarded the draft to the garnishee, Bank of Searcy, for collection. Appellee paid the draft, but, as before stated, caused a writ of garnishment to be issued and served while the funds thus collected were still in the hands of the Bank of Searcy. The trial court made a finding that the proceeds of the draft paid by appellee to the garnishee bank were not the property of appellant, but that the latter was merely the agent of the defendant in the collection of the draft, and that the proceeds thus collected were the property of said defendant and subject to garnishment for its debts. We are of the opinion that the court's finding of fact on this issue was unsupported by the testimony, and that the case is controlled by the decision of this court in *Cox Wholesale Gro. Co.* v. *National Bank of Pittsburg,* 107 Ark. 601. The facts of that case were identical with the present one, except that, in that case, the draft was payable to the drawer's own order and was indorsed to the bank, whereas in the present instance the draft was drawn in favor of appellant bank and was delivered without indorsement. In each case all that was shown was that the draft, upon delivery, was passed to the credit of the checking account of the drawer. In the opinion in the case just cited we quoted with approval from the decision of the Supreme Judicial Court of Massachusetts in the case of *Taft* v. *Bank,* 172 Mass. 363, as follows:

"So when, without more, a bank receives upon deposit a check indorsed without restriction, and gives credit for it to the depositor as cash in a drawing account, the form of the transaction is consistent with and indicates a sale, in which, as with money so deposited, the check becomes the absolute property of the banker."

The only additional question presented in the present case is whether or not there is anything more shown by the testimony in this case to detract from the force of the facts stated above. Appellee introduced as witnesses

several bankers of Searcy, who testified that they were acquainted with the general practice or custom of banks in handling drafts for perishable products sold by customers, and that the custom was to receive the draft for collection and pass it to the credit of the checking account of the drawer, treating the draft as a line of credit until finally paid. Each of these witnesses, save one, testified, however, that they did not know the custom of the Kansas City banks, and that witness stated his own conclusion, without showing any knowledge or information on the subject, except the fact that several drafts had come through his bank. It is contended that this was sufficient to raise a conflict in the testimony as to whether or not appellant bank received the draft as the absolute owner, or whether merely for collection as agent of the drawer. We do not think that this testimony has any probative force. In the first place, it is not applicable, because the witnesses knew nothing about the custom of banks in Kansas City.

Again, it is argued that the testimony to the effect that appellee first made claim for $48.31 for deduction for part of the freight, and that appellant agreed to allow this deduction, but later refused to allow an additional deduction for damages, stating, in the correspondence, that the drawer of the draft would not consent, was sufficient to constitute an admission on the part of appellant that the draft was the property of the defendant. We do not think so. The fact that appellant referred the claim of appellee to the drawer of the draft to determine whether or not a credit should be allowed, does not change the effect of the draft being drawn in favor of appellant and credited to the account of the defendant. Notwithstanding the fact that the draft became the absolute property of appellant as the party in whose favor it was drawn, yet the defendant was liable to appellant as drawer if the draft was not paid. Therefore, the act of appellant in consulting the drawer or in carrying out the wishes of the drawer did not concede that the draft was not its absolute property.

Finally, it is contended that the draft was not the absolute property of appellant for the reason that there was no indorsement, but the answer to that contention is that an indorsement was unnecessary, the draft having been drawn in favor of appellant.

The finding of the court being without evidence, it must be set aside and a new trial granted. The judgment is therefore reversed, and the cause remanded for a new trial.

WOOD, J., dissenting.