STATE LINE LUMBER COMPANY *v.* SHULTS.

Opinion delivered July 13, 1931.

*James D. Head,* for appellant.

*Henry Moore, Jr.,* for appellee.

KIRBY, J., (after stating the facts). Appellant urges that the court erred in giving appellee's requested instruction No. 1, which it claims is virtually a direction to the jury to find against appellant. Instruction No. 1 reads in part as follows:

"The testimony further shows that the defendant knew that the plaintiff claimed to have certain land adjoining the Temple land, and that the true boundaries between the Temple land and the plaintiff's land were not ascertained and known by the defendant; the jury is further instructed that, if you find from a preponderance of the evidence that the defendant caused the plaintiff's timber on his land to be cut for the purpose of making same into lumber, without having the metes and bounds of the land on which it had purchased timber surveyed, marked and plainly established, you will find for the plaintiff.

"The jury is instructed to find the amount of timber cut by defendant or the amount of timber received or purchased by defendant cut from plaintiff's land, and to find the value of such timber so cut; and the jury shall return a verdict in favor of the plaintiff and against the defendant for double the value of said timber."

The cause of action for double damages is based upon the statute, § 7004, Crawford & Moses' Digest. This instruction not only tells the jury that the evidence shows that the appellant knew that plaintiff claimed to have certain lands adjoining the Temple lands; that the true boundaries between the Temple lands and appellee's lands were not ascertained and known by the defendant, but further that, if the jury found from the preponderance of the evidence that the defendant caused the plaintiff's timber on his land to be cut for making it into lumber, "without having the metes and bounds of the land

on which it had purchased timber surveyed, marked and plainly established, you will find for the plaintiff.'' This was an instruction on the weight of the testimony, telling the jury it showed that the true boundaries of the Temple land upon which the appellant had the right to cut timber were not ascertained and known by the defendant, and that, if the defendant cut the timber without first having a survey of the lands on which he bought, the timber made and the boundaries located, they should find for the plaintiff. Appellee alleged that a survey showing the boundaries between the Temple and Shults lands was made by Ayers, an engineer, in 1923, and was agreed to and acquiesced in by both owners; and the testimony shows that this line was pointed out by Temple's agent upon the sale of the timber to appellant company; and was also located by the county surveyor in making the survey after the timber was cut from the lands. It is undisputed in fact, notwithstanding which the court told the jury that appellant knew that plaintiff claimed to have certain lands adjoining the Temple lands on which the timber was purchased, and that the true boundaries of the land were not ascertained and known by defendant; and that, if the timber was cut without a survey first made to locate the boundary line, when the undisputed testimony shows that no such survey was made, they should find for the plaintiff.

The statute provides double damages for cutting timber from lands only where the trespasser had no probable cause to believe, and did not believe, the land on which he committed the trespass was his own, or that he had entered into a contract to purchase it. *Rosengrant* v. *Matthews,* 55 Ark. 441, 18 S. W. 541.

In *Sawyer & Austin Lumber Co.* v. *State,* 75 Ark. 311, 87 S. W. 431, the court, in construing the statute providing punishment for cutting timber from lands requiring a survey to be first made, ''unless the same has been surveyed and the boundaries ascertained and known,'' said: ''The owner must, before cutting timber for the purposes named, cause an official survey to be made by

the county surveyor, whose certificate thereof is *prima facie* correct (Kirby's Digest, §§ 1142, 1146; *Jeffries* v. *Hargis,* 50 Ark. 65, 6 S. W. 328; *Hobbs* v. *Clark,* 53 Ark. 411, 14 S. W. 652), unless a correct survey has already been made, and the true boundaries thereof ascertained and known.''

This instruction was given in the face of appellee's allegation in his complaint that a correct survey of the lands establishing the boundaries thereof had been made by Ayers and agreed to by himself and Temple the owners thereof. The instruction was virtually peremptory and certainly erroneous.

The court also erred in not giving appellant's requested instructions Nos. 1, 2, 3 and 6. In instruction No. 6, the jury was told that, if they found from the preponderance of the testimony that the timber was cut wilfully and intentionally after notice that it was the property of appellee, the jury might find appellant liable for double damages for such timber, although it could only recover actual damages, the market value of the timber at the time it was cut, in accordance with requested instructions Nos. 1, 2 and 3.

The court erred also in the admission of testimony showing that appellant's grantor and appellee had, after the timber was cut and removed, agreed upon a boundary line between appellee's land and the land upon which appellant cut the timber, which was different from the old boundary line established by Ayers, and which appellee alleged to be the true boundary in his suit for damages, and which the undisputed testimony shows was pointed out to appellant as such when the timber was purchased. This memorandum or agreement had not been signed by Temple, appellant's grantor, but only by appellee, and certainly it could have no effect to invalidate the sale of the timber already made to appellant, nor to reduce the quantity or area of the land included in his grant conveying it. *Richardson* v. *Taylor,* 45 Ark. 472; *Hughes Bros.* v. *Redus,* 90 Ark. 149, 118 S. W. 414; *Cox*

*Wholesale Grocery Co.* v. *National Bank,* 107 Ark. 601, 156 S. W. 187; *Collin County Grain Co.* v. *Andrews,* 110 Ark. 597, 162 S. W. 1098; *Wilkinson* v. *James,* 164 Ark. 475, 262 S. W. 319. This agreement showing the line contrary to the boundary as established by Ayers' survey, alleged to have been agreed upon as the correct boundary, under which the area of appellee's land on that side of the river was a fraction more than 25 acres, could not have been helpful to the jury in ascertaining the true boundary line between the appellant's timber lands and appellees land, and was certainly prejudicial.

It follows that the judgment must be reversed for the errors designated, and the cause remanded for a new trial. It is so ordered.